Argued and submitted June 8, reversed December 30, 1982

RENNIE,
*Respondent on Review,*

*v.*

FREEWAY TRANSPORT ET AL,
*Petitioners on Review.*

(CA 19045, SC 28446)

656 P2d 919

Marvin S. Nepom, Portland, argued the cause and filed the petition and briefs for petitioners on review.

Magar E. Magar, Portland, filed the briefs for respondent on review.

ROBERTS, J.

## ROBERTS, J.

■    This case presents an issue identical to the one decided this day in *Rennie v. Pozzi,* 294 Or 334, 656 P2d 934 (1982). For the reasons set forth in that opinion, we also hold here that the trial court erred in granting defendants' motion for summary judgment based upon the statute of limitations. By operation of ORS 114.255, plaintiff's appointment as personal representative related back to the commencement of this action making it valid and timely.

Defendants here, however, advance a second and alternative ground for upholding the dismissal of plaintiff's action against them. They contend that it is barred due to *res judicata* because of a prior federal court judgment in their favor based on the same factual transaction.

The facts relevant to this contention are as follows. Immediately after being reappointed personal representative the plaintiff commenced an action in the federal district court against the same defendants named herein; the complaint alleged that they had violated federal securities laws and regulations in the course of repurchasing the Freeway Transport stock from him.[1] Soon thereafter, plaintiff commenced this action in Multnomah County Circuit Court alleging a cause of action in common law fraud.[2] Although the latter action is based on the same set of facts as the former and the named defendants in both actions are the same, plaintiff made no attempt to join the state law claim to the pending federal court action.

Defendants then filed a motion to dismiss or abate this action which stated:

"Defendants demur to plaintiff's complaint and alternatively pray that said complaint be abated on the ground

---

[1] That action was filed in United States District Court for the District of Oregon (Civil Case No. 78-112) and was based on plaintiff's allegations that defendants, through false representations made in furtherance of a device, scheme, or artifice to defraud, induced him to sell Freeway Transport Company stock to them for less than it was worth, in violation of § 10 (b), Securities Exchange Act of 1934 (15 USC § 78j(b)), and Securities and Exchange Commission Rule 10b-5 (17 CFR § 240.10b-5). Such an action is within the exclusive jurisdiction of the federal district courts. 15 USC § 78aa.

[2] His circuit court complaint also alleged a cause of action for violation of Oregon securities laws, ORS 59.135. Defendants' demurrer to that part of the complaint, however, was sustained and plaintiff has not appealed that ruling.

and for the reason that there is another action pending between the same parties for the same cause."

*See* ORCP 21 A.(3). Plaintiff opposed the motion contending that, although the relevant facts were the same, the two actions were legally distinct. He further argued that he preferred the two actions to be tried separately and noted that "[i]f defendants want to take the initiative in invoking the pendent jurisdiction of the Federal Court they are, of course, free to do so." The trial court denied defendants' motion to dismiss but it did allow their plea in abatement; it thereupon ordered this action stayed pending resolution of the federal court proceedings.

Before the federal court the defendants, besides defending on the merits, argued that a "jurisdictional" prerequisite to relief under the federal laws was lacking, namely, utilization by the defendants of an instrumentality of interstate commerce. That issue was controverted at trial and ultimately was submitted to the jury, along with the substantive issues. The jury returned a general verdict for defendants; however, given the nature of the verdict it cannot be determined whether the verdict was based on the "jurisdictional" question or on the merits. Plaintiff did not appeal that decision.[3]

After entry of judgment in the federal court action, defendants by answer and demurrer in this case raised the defense that the action here was barred by *res judicata.* In the subsequent summary judgment motion on that ground they contended that the federal court judgment was a final adjudication binding on plaintiff with regard to the stock repurchase transaction and that it consequently barred further litigation based on the transaction. The trial court denied the motion and defendants cited this ruling as error in their cross-appeal. The Court of Appeals affirmed that

---

[3] Although hesitant to heap even more confusion onto an already complex case, we should point out that the federal court judgment was issued prior to the time when plaintiff's standing as personal representative was retroactively set aside and prior to the second and proper order reopening the estate and reappointing him personal representative. *See Rennie v. Pozzi,* 294 Or 334, 656 P2d 934 (1982). Neither party, however, has questioned the validity of that judgment and we consequently hazard no guess as to whether it should be binding on the estate. For purposes here, we assume that it is a final judgment binding on plaintiff and defendants.

aspect of the case; it reasoned that since plaintiff did not have a right to have his state law claim joined in his federal court action *res judicata* would not result from his failure to do so. *Rennie v. Freeway Transport,* 55 Or App 1008, 1013, 640 P2d 704 (1982).

■ We start with the general rule, well established in this state, that a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action. *Troutman v. Erlandson,* 287 Or 187, 201-207, 598 P2d 1211 (1979); *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975). In *Dean* we held that an unsuccessful action for breach of an express contract barred on *res judicata* grounds a subsequent suit for *quantum meruit* against the same defendant based on the same transaction. In explanation of this holding we stated:

> "* * * To the extent that a given state of facts is susceptible to alternative interpretation and analysis, plaintiff must seek and exhaust all alternative grounds or theories for recovery in one action.
>
> "Plaintiff claims to have rendered only one set of services. Nothing prevented him from presenting his claim against [the defendant] on the alternative theories of express contract and *quantum meruit* and from having them both adjudicated at the same time. Having once litigated his claim against defendant, he should be foreclosed from further litigation on all grounds or theories of recovery which could have been litigated in the first instance. The public policy to be served by the doctrine of res judicata prevents him from having two bites at the apple." 271 Or at 194.

This type of *res judicata,* often denominated "claim preclusion,"[4] is broader than traditional notions of *res*

---

[4] The *res judicata* nomenclature has not been standarized. *See* 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4402 (1981). The Restatement uses the terms "merger" and "bar" to describe the process by which a final judgment binding on the parties extinguishes all of plaintiff's claims arising from

*judicata* in that it bars prosecution of claims which have never in fact been litigated between the parties. The prior judgment is deemed to have effected a merger or bar of all claims against the defendant available to the plaintiff arising from the transaction that was at issue irrespective of whether plaintiff had actually asserted them in that action. *See* Restatement (Second) of Judgments §§ 17, 24-25 (1982). As the Restatement notes, claim preclusion is based upon, and limited by, the ability of a plaintiff under modern liberalized joinder-of-claims rules to present all of his or her claims in one proceeding:

> "As the result of a single transaction or a connected series of transactions giving rise to a unitary claim, the plaintiff may be entitled to a number of alternative or cumulative remedies or forms of relief against the defendant. In a modern system of procedure it is ordinarily open to the plaintiff to pursue in one action all the possible remedies whether or not consistent, whether alternative or cumulative, and whether of the types historically called legal or equitable.

> "Therefore, it is fair to hold that after judgment for or against the plaintiff, the claim is ordinarily exhausted so that the plaintiff is precluded from seeking any other remedies deriving from the same grouping of facts.

> "Preclusion is narrower when a procedural system in fact does not permit the plaintiff to claim all possible remedies in one action." *Id.,* at § 25, com. *f,* p. 214.

The stated general rule is clearly applicable here. The present action involves the same parties and factual transaction as the prior federal court action and seeks remedies which are additional or alternative to those that were sought there. Moreover, plaintiff *might have* brought his state and federal claims together, through pendent jurisdiction, in the federal district court. *See* Annot., 5 ALR3d 1040, 1115 [§ 26] (1966). Nonetheless, plaintiff advances three separate arguments in support of his contention that this action should not be barred: (1) Since the

---

the factual transaction that was at issue, whether or not those claims were actually litigated. Restatement (Second) of Judgments § 17, com. *a, b.* It uses the term "issue preclusion" to describe the situation where, although the second and subsequent cause of action is not barred by the prior judgment, such judgment is deemed conclusive between the parties with regard to those issues actually litigated and necessarily determined in the prior action. *Id.,* at com. *c.*

prior action was prosecuted in federal court, he had no absolute right to have the state law claims joined there; (2) defendants had acquiesced in his decision to split and separately prosecute his state and federal claims; and (3) in any event, since the verdict in the prior federal court case could have been based on the "jurisdictional" issue, it should not be viewed as a bar here. We will discuss these arguments in turn.

■ ■ 1. *Split jurisdiction problem.* The Court of Appeals concluded that the federal court judgment was not *res judicata* on plaintiff's state law claim because, although that court might have exercised pendent jurisdiction over the claim, plaintiff had no absolute right to have it adjudicated there:[5]

> "It is far from clear whether the federal court would have decided the common law cause of action, because pendant jurisdiction is considered, in most cases, to be discretionary. There are cases which say that, in certain circumstances, federal courts can be guilty of an abuse of discretion in failing to determine a state issue, but there is no unanimity concerning what those circumstances are. There are numerous cases which say that pendant jurisdiction should not be applied where the federal question was decided in a summary manner. [Citations omitted.] The federal issue in this case was not disposed of in a summary manner. However, because of the lack of a uniform application of the rules of pendant jurisdiction and because the plaintiff had no *right* to have his state claim adjudicated in federal court, the better rule would seem to be not to apply *res judicata*." 55 Or App at 1013.

The declared "better rule" is, however, contrary to the weight of authority. The Restatement, for example, takes the position that a state law claim should be precluded under these circumstances:

---

[5] While the federal courts have the power to exercise jurisdiction over pendent state law claims *(i.e.,* claims without an independent basis for federal court jurisdiction but which arise from the same factual transaction as a federal law claim already properly before the federal court), "[t]hat power need not be exercised in every case in which it is found to exist. * * * [P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers v. Gibbs,* 383 US 715, 726, 86 S Ct 1130, 16 LEd 2d 218 (1966). *See generally,* Annot., Modern status of rules as to pendent federal jurisdiction over nonfederal claims, 5 ALR3d 1040 (1966); 13 Wright, Miller & Cooper, *supra* n. 4 at § 3567 (1975).

> "A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded."

Restatement (Second) of Judgments § 25, com. *e. See also* illustration 10 and the notes to that section; Restatement (Second) of Judgments §§ 86-87; *Note, The Res Judicata Implications of Pendent Jurisdiction,* 66 Cornell L Rev 608 (1981).[6] The authors of the major treatise on federal practice take a similar position and suggest that where a plaintiff has a colorable right to invoke the pendent jurisdiction of the federal court with regard to a state law claim, he or she is obliged to at least attempt joinder or else face preclusion in a subsequent state court action based on that claim. 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4412, at 95-99 (1981). Recent decisions from

---

[6] The author of the Note describes the Restatement Second approach:

"When the plaintiff fully litigates his federal claim in federal court, that court clearly has the power to hear a closely related pendent claim and will usually choose to exercise pendent jurisdiction. Unless the plaintiff can persuade the state court that the federal court would have declined pendent jurisdiction because of the importance of the state claim or because of possible jury confusion, the state court must bar him from bringing a second action. Although courts will not always exercise their discretion to hear a pendent claim, the *Restatement Second* forces the plaintiff to assert his state claim in federal court, or risk forfeiting his right to pursue it in any forum.

"Several policies strongly support precluding the plaintiff in this context, First, fairness dictates that the plaintiff should not have two opportunities to pursue one claim. Second, the federal rules liberally allow amendment of pleadings and joinder of claims, giving the plaintiff every chance to assert his related state claim in the federal action. Furthermore, because the plaintiff chose the federal forum, it is fair to require him to litigate his entire claim there. Finally, barring the second action conserves judicial resources that might otherwise be spent in duplicating the federal court's efforts." 66 Cornell L Rev at 618-621 (footnotes omitted).

the federal and other state courts are in accord with this approach.[7]

A rule requiring the plaintiff, under circumstances such as this, at least to attempt joinder is congruent with the policies behind the *res judicata* doctrine.

> "The principal purposes of res judicata are prevention of harassment of defendants by successive legal proceedings as well as economy of judicial resources. Its scope is related to the limits upon the various forms of relief which may be requested in one proceeding and the limitations upon amendments to pleadings during trial. As permissible joinder of requests for various forms of relief and amendments during trial become broader and more liberal, the reasons behind res judicata dictate that parties to actions be required to make use of such liberal procedures and not be permitted to protract litigation through a multiplicity of suits or actions which can be disposed of in one proceeding." *Dean v. Exotic Veneers, Inc., supra,* 271 Or at 192.

It may have been plaintiff's preference to split his claim into the state and federal law components and to try them each separately, but his unilateral claim-splitting and the consequent multiplicity of lawsuits the defendants were obligated to defend is precisely the evil sought to be avoided by the *res judicata* doctrine.

We are convinced that the better rule, the one more consonant with the policies behind *res judicata,* is that a plaintiff must attempt to have all claims against a defendant arising out of one transaction adjudicated in one court in one proceeding, at least insofar as possible, despite the fact that the various claims may be based on different sources of law. We emphasize that this case does not present a situation where one of the claims falls within the exclusive jurisdiction of a tribunal that is incompetent to

---

[7] *See, e.g., Woods Exploration & Producing Co. v. Aluminum Co. of America,* 438 F2d 1286, 1311-1316 (5th Cir 1971), *cert den* 404 US 1047, 92 S Ct 701, 30 LEd 2d 736 (1972); *Boccardo v. Safeway Stores, Inc.,* 134 Cal App3d 1037, 184 Cal Rptr 903 (1982); *City of Los Angeles v. Superior Court,* 85 Cal App3d 143, 149 Cal Rptr 320 (1978); *Maldonado v. Flynn,* 417 A2d 378 (Del 1980), *rev'd on other grounds sub nom Zapata Corp v. Maldonado,* 430 A2d 779 (Del Super Ct 1981); *Hill v. Wooten,* 247 Ga 737, 279 SE2d 227 (1981); *Silver v. Queen's Hospital,* 629 P2d 1116 (Ha 1981); *McCann v. Whitney,* 25 NYS2d 354 (Sup Ct 1941); *Belliston v. Texaco, Inc.,* 521 P2d 379 (Utah 1974).

adjudicate the other claims or where the federal court, after a proper request, expressly declined to exercise pendent jurisdiction over the state law claim. *Cf.* Restatement (Second) of Judgments § 26(1)(c) and com. *c* thereto.[8] Nor is this a case where, due to the nature of the claims or the fact that the federal law claim was summarily dismissed, the federal court would have clearly declined to exercise pendent jurisdiction. *Cf. Ron Tonkin Gran Turismo v. Wakehouse Motors,* 46 Or App 199, 204-207, 611 P2d 658, *rev denied* 289 Or 373 (1980).

Accordingly, we conclude that even though plaintiff did not have an absolute right to have his state law claim joined in the federal court action, that fact does not of itself operate to prevent the federal court judgment from effecting a claim preclusion, under *res judicata,* in this separate and subsequent state court action based on that claim.

■    2. *Defendants' acquiescence.* Since one of the primary policies behind the *res judicata* doctrine is to protect defendants from serial suits, generally a defendant is free to waive the right to a combined action and the parties are competent to agree mutually to the splitting and separate litigation of the various aspects of a plaintiff's claim. Severance of particular issues for separate trial, for example, is a well established procedural device. *See* ORCP 53 B. Where the parties have agreed to the separate litigation of plaintiff's claim and the first judgment expressly withholds any decision as to the other aspects of the claim, reserving them for later litigation, a subsequent action by plaintiff based on those parts of the claim reserved is not precluded by *res judicata. See* Restatement (Second) of Judgments § 26(1)(a).

---

[8] A number of cases have held or noted that where the federal court declines to exercise pendent jurisdiction over a related state law claim, the plaintiff cannot be barred from bringing a separate and subsequent action on that claim in state court. *See, e.g. Nilsen v. City of Moss Point,* 674 F2d 379, 385 (5th Cir 1982); *In Re General Motors Corp Engine Interchange Litigation,* 594 F2d 1106, 1134 (7th Cir 1979); *Calderone Enter. Corp. v. United Artists Theatre Circuit,* 454 F2d 1292, 1297 (2d Cir 1971), *cert den* 406 US 930, 92 S Ct 1776, 32 LEd 2d 132 (1972); *Terrell v. City of Bessemer,* 406 So2d 337 (Ala 1981); *Gamble v. Webb Quarterback Club,* 386 So2d 455, 458 (Ala Civ App), *cert den* (1980); *Penn Mart Realty Co. v. Becker,* 298 A2d 349, 352 (Del 1972). *But see Mattson v. City of Costa Mesa,* 106 Cal App 3d 441, 164 Cal Rptr 913 (1980).

Plaintiff here argues that defendants acquiesced in his decision to try his state and federal law claims separately and that the federal court judgment should thus not preclude this action. The record clearly indicates, however, that defendants did not in any manner agree to plaintiff's claim-splitting. Immediately after the complaint in this action was filed, the defendants moved to dismiss or abate citing the pending federal court proceedings as grounds for the motion. Plaintiff argued in opposition to defendants' motion to dismiss or abate that defendants could invoke the pendent jurisdiction of the federal court if they objected to separate actions. He cited no authority for that proposition, however, and we are not aware of any procedural device whereby a defendant in a state court action can remove a nonfederal claim and force a pendent jurisdiction joinder with a federal claim already pending in federal court. *See* 28 USC § 1441. Even if defendants, through some procedural manipulation, could have engineered a rejoining of plaintiff's claim, we do not believe that their failure to do so is tantamount to acquiescence in plaintiff's claim-splitting. Where, as here, a defendant has timely voiced objections to a plaintiff's simultaneous prosecution of multiple actions arising from one transaction, through an ORCP 21 A.(3) motion or the like, the onus is upon the plaintiff not the defendant to accomplish any necessary joinder.[9] Accordingly, we find nothing in the record to support plaintiff's contention that defendants had acquiesced in the claim-splitting.

---

[9] The Restatement takes the approach that defendants are at least obligated to expressly object to a plaintiff's claim-splitting, *i.e.*, that silence in the face of simultaneous multiple actions based on the same transaction constitutes "acquiescence"

> "Where the plaintiff is simultaneously maintaining separate actions based upon parts of the same claim, and in neither action does the defendant make the objection that another action is pending based on the same claim, judgment in one of the actions does not preclude the plaintiff from proceeding and obtaining judgment in the other action. The failure of the defendant to object to the splitting of the plaintiff's claim is effective as an acquiescence in the splitting of the claim."

Restatement (Second) of Judgments § 26(1)(c), com. *a*. *See also* Wright, Miller & Cooper, *supra* n. 4, at § 4415, 124-125; Annot., 40 ALR3d 108 (1971). None of these authorities suggest that more should be required of defendants than the timely objection in order to preserve their *res judicata* defense.

Furthermore, this is not a case where the plaintiff's state law claim was expressly reserved for later litigation. The circuit court's denial of defendants' demurrer and its grant of an abatement did not operate to immunize plaintiff's state court action from any possible preclusive effects arising from the federal court proceedings. And, although a court may be able to preserve part of a plaintiff's claim for subsequent litigation by expressly omitting any decision with regard to it in the first judgment *(see Western Baptist Home Mission Board v. Griggs,* 248 Or 204, 211, 433 P2d 252 (1967); Restatement (Second) of Judgments § 26(1)(b)), the federal court judgment here did not by its terms preserve plaintiff's state law claim. Therefore, we conclude that this case does not fall within any "acquiescence" or "reserved issue" exception to the claim preclusion rules.

■ 3. *"Jurisdictional" problem.* Plaintiff's final argument to avoid *res judicata* is based on the fact that the jury verdict, upon which the federal court judgment was based, could have resulted from a jury finding that plaintiff had failed to establish that any of defendants' acts involved interstate commerce. Since the utilization of an instrumentality of interstate commerce is a prerequisite to relief under the federal laws under which plaintiff was suing *(see* Securities Exchange Act of 1934, § 10, 15 USC § 78j; 28 USC § 1337), he argues that the verdict and judgment here were possibly based on a "lack of jurisdiction" rather than "on the merits." The trial court here cited this ground when it denied defendants' summary judgment motion on their *res judicata* defense.

It is true, as a general proposition, that for a judgment to effect a preclusion of further litigation based on the same claim it must be a final judgment "on the merits." *Sibold v. Sibold,* 217 Or 27, 32, 340 P2d 974 (1959); *Swingle v. Medford Irr. Dist.,* 121 Or 221, 253 P 1051 (1927). The term "on the merits" connotes a final definitive decision as to the substantive validity of plaintiff's cause of action, in contrast to a ruling based wholly on a procedural aspect of the case. Thus, where a court dismisses a plaintiff's action on a matter of procedure — *e.g.,* improper venue, lack of jurisdiction, or nonjoinder of an essential party — without ruling as to the substantive validity of

plaintiff's claim for relief, that dismissal will not generally be *res judicata* so as to preclude subsequent action based on the same claim. *See* Restatement (Second) of Judgments § 20.

We need not resolve whether the prior federal adjudication went to the merits of plaintiff's federal claim. We have already decided that plaintiff had an obligation to attempt to join all his claims in one forum. His failure to assert his state claim in the federal action results in its preclusion here insofar as it was *triable* in that proceeding. If the state law claim *could have been* finally adjudicated there the reason behind the dismissal of the federal claim is irrelevant.

It is for this reason that the "jurisdictional" problem here is distinguishable from the general rule stated above. In the usual case where a court dismisses an action for lack of jurisdiction, there is no *res judicata* on the merits because the court was without power to address the merits. The lack of "jurisdiction" here, in contrast, would not have prevented the federal court from adjudicating plaintiff's state law claim, had it been properly joined through pendent jurisdiction. An adverse adjudication on the federal law claim does not necessarily deprive the federal court of the authority to decide the state law claim, particularly where, as here, the federal claim was colorable and substantial, *i.e.,* it was only rejected after a full evidentiary trial. *See* Annot., 5 ALR3d 1040, 1065 [§ 9].[10]

In *Belliston v. Texaco, Inc.,* 521 P2d 379 (Utah 1974), the court was faced with a situation similar to that presented by this case. The plaintiff had filed an action in federal court based wholly on federal law. A judgment in plaintiff's favor was reversed on appeal; the appellate court

---

[10] To illustrate this point, consider the following hypothetical. Assume plaintiff joined his state law claim to the federal action and the federal court accepted pendent jurisdiction over the claim. A full trial was held on both claims and the cause was submitted to the jury. Instead of a general verdict, however, special interrogatories were used on: (1) the "interstate commerce" issue, (2) liability under federal law, and (3) liability under the state law claim. Assume further that the jury returned a verdict in the negative on (1) and in the affirmative on (2) and (3). Notwithstanding the fact that the court would not have been able to award judgment on the federal claim, it could have rendered a valid judgment for plaintiff on the state law claim. The "jurisdictional" defect, in short, would not have prevented the court from finally adjudicating plaintiff's state law claim.

held that since the acts of the defendant had not occurred in interstate commerce, the trial court had been without "jurisdiction" to award the relief granted. The plaintiff then filed an action under state law in state court based on the same facts. The Utah Supreme Court held the action barred:

> "In the instant case, we must conclude that plaintiff's federal claim was substantial. The allegations in the complaint indicated the substantiality of the claim. The determination of the appellate court did not cite previous judicial decisions which clearly foreclosed the subject as a federal claim. Under United Mine Workers v. Gibbs, [383 US 715, 86 S Ct 1130, 16 L Ed2d 218 (1966)], the federal district court had the judicial power in the instant case to hear plaintiffs' state claim of unlawful price discrimination. Since plaintiffs failed to assert their state claim, when the federal court had the power to adjudicate it with their federal claim, they are barred under the doctrine of res judicata from litigating these issues in the instant action." 521 P2d at 382 (footnotes omitted).

In other words, the court concluded that even though the federal court had been without jurisdiction to award relief under the federal law, the federal claim in the prior action was sufficiently substantial and disputable to have given that court power under the pendent jurisdiction doctrine to accept, adjudicate, and enter a valid final judgment on the concomitant state law claim and that, consequently, the plaintiff's failure to join the state claim in the federal action barred later litigation in state court based on it.

The *Belliston* result has been criticized,[11] but we believe that it states the better rule. Accordingly, we

---

[11] *See* the dissent, 521 P2d at 382-383; *Note, Judgments: Res Judicata and Pendent Jurisdiction,* 28 Okl L Rev 413 (1975). Those criticisms make a fundamental mistake, however, in assuming that an adjudication adverse to the plaintiff on the federal claim necessarily deprives the court of jurisdiction to reach and decide a pendent state law claim. The federal caselaw is to the contrary. *See, e.g., Rosado v. Wyman,* 397 US 397, 90 S Ct 1207, 25 LEd 2d 442 (1970) ("We are not willing to defeat the commonsense policy of pendent jurisdiction — the conservation of judicial energy and the avoidance of multiplicity of litigation — by a conceptual approach that would require jurisdiction over the primary [federal law] claim at all stages as a prerequisite to resolution of the pendent [state law] claim." *Id.,* 397 US at 405); *In re Carter,* 618 F2d 1093, 1104-1105 (5th Cir 1980), *cert den* 450 US 949, 101 S Ct 1410, 67 LEd 2d 378 (1981); *O'Connell v. Economic Research Analysts, Inc.,* 499 F2d 994, 996 (5th Cir 1974), *cert den* 419 US 1122, 95 S Ct 805, 42 LEd 2d 821 (1975); Annot., 5 ALR3d 1040, 1065 [§ 9] (1966).

conclude that the circumstance here that the federal law claim may have been rejected on "jurisdictional" grounds does not excuse plaintiff's failure to join his state law claim to that action and does not operate to limit or bar the claim preclusion effect of the judgment entered there.

In summary, we conclude as follows: Since the present common law fraud claim arose out of the same transaction as plaintiff's claim under the federal securities laws, involves the same defendants, and seeks remedies which are additional or alternative to those available under that claim, under the *res judicata* doctrine plaintiff was obligated, to the extent procedurally feasible, to prosecute both actions in one court in one proceeding. Although plaintiff's federal claim was within the exclusive jurisdiction of the federal court, he had a colorable right to invoke the pendent jurisdiction of that court with regard to his state claim and was obliged to seek such joinder, notwithstanding the fact that the federal court's acceptance of jurisdiction over the state claim was only discretionary. Plaintiff's concurrent prosecution of the state claim in state court did not operate to prevent the federal court judgment from effecting a claim preclusion where defendants did not consent or acquiesce in the separate actions. Finally, although the federal court judgment for defendants may have been based on a "jurisdictional" defect, that fact alone does not prevent that judgment from effecting a claim preclusion in this action since it appears that that court could have, nonetheless, entered a final and binding judgment on this state claim had it been properly joined in that action.

Since plaintiff has failed to advance any substantial justification for having neglected to attempt joinder of the present claim in the prior federal court action, where it could have been finally adjudicated, we hold that the judgment there bars this action under *res judicata*. For these reasons, the Court of Appeals decision remanding this case for trial is reversed and the trial court's judgment of dismissal is affirmed.