Argued and submitted June 18, 1991, affirmed February 12, reconsideration denied
May 20, petition for review denied June 23, 1992 (313 Or 354)

## Raymond F. SPRINGER,
*Appellant,*

*v.*

## CITY OF BEND,
Art Johnson, John Hossick,
Brooks Resources Corporation
and DAW Forest Products Company, L.P.,
*Respondents.*

(88CV-0187-WE; CA A63397)

826 P2d 1

David C. Force, Eugene, argued the cause and filed the briefs for appellant.

Robert J. Schnack, Portland, argued the cause for respondents City of Bend, Art Johnson and John Hossick. With him on the brief were I. Franklin Hunsaker, James G. Driscoll and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

G. Kenneth Shiroishi, Portland, argued the cause for respondent Brooks Resources Corporation. With him on the

brief were Jonathan A. Bennett and Dunn, Carney, Allen, Higgins & Tongue, Portland.

Norman J. Wiener, James N. Westwood and Miller, Nash, Wiener, Hager & Carlsen, Portland, filed the brief for respondent DAW Forest Products Company, L.P.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Plaintiff brought this action for inverse condemnation and deceit against defendant city, its officers Johnson and Hossick and two corporate defendants. The genesis of his claims is a series of land use decisions and street conveyances under which plaintiff is permitted to operate a bowling alley on his property but has been denied the use of a street on one side of the property as an access road. This is the fourth judicial or administrative proceeding that plaintiff has instituted against some or all of these defendants. His earlier appeal to LUBA, his Deschutes County Circuit Court action and his federal court action resulted in dismissals or decisions adverse to him.

Defendants moved for summary judgment on the grounds, *inter alia*, that the inverse condemnation claim could have been but was not asserted in the earlier proceedings and is, therefore, barred by *res judicata* and that the deceit claim is barred by the applicable Statute of Limitations. The trial court granted the motions. Plaintiff appeals from the resulting judgment, and we affirm.

Plaintiff's first assignment of error is directed against the summary judgment on his inverse condemnation claim. Defendants and the trial court appear to have based their conclusion that the claim is barred by *res judicata* on all or some amalgam of the LUBA appeal and the 2 earlier judicial proceedings. We need consider only the state court action.

The principal argument that plaintiff makes to avoid *res judicata* is that the various proceedings that he brought fall between our decision in *Dunn v. City of Redmond*, 82 Or App 36, 727 P2d 145 (1986), and the Supreme Court's decision that reversed us. 303 Or 201, 735 P2d 609 (1987). We held that issues that are, in substance, inverse condemnation claims are subject to exclusive circuit court jurisdiction and do not come within LUBA's jurisdiction. We reasoned that it made no sense for LUBA to decide issues for which it could not supply a meaningful answer or remedy. The Supreme Court disagreed. It concluded that, although damages for inverse condemnation could only be recovered in a judicial

action, "regulatory takings" issues could arise as constitutional questions and be relevant in LUBA's disposition of appeals from local land use decisions. The court concluded that inverse condemnation issues could be asserted in both forums.

The essence of plaintiff's reasoning is that, because of the two decisions in *Dunn v. City of Redmond, supra,* neither LUBA nor the circuit court had jurisdiction to hear inverse condemnation claims when he had proceedings before them; therefore, he could not have made the claims in the earlier proceedings and so he is not barred by *res judicata.* The premise of plaintiff's argument is confusing, because both the LUBA and the first circuit court proceeding were decided in 1985, before either appellate court issued an opinion in *Dunn.* Be that as it may, plaintiff's legal conclusion is wrong: Circuit courts have always had jurisdiction — exclusive *or* concurrent — to try inverse condemnation claims; neither opinion in *Dunn* did anything to change that, and both in fact reiterated it.[1] Plaintiff could have raised the claim in the earlier state court action, but he did not, and it is barred.

Plaintiff's second assignment challenges the summary judgment on the deceit claim. We reject the challenge without discussion.

Affirmed.

---

[1] The Supreme Court suggested that there might be circumstances in which a circuit court must delay a decision on an inverse condemnation claim until LUBA has decided a corresponding issue that is pending before it. The LUBA appeal relevant to this case was decided before the circuit court action was decided.