65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond SPRINGER, Plaintiff-Appellant,
v.
The CITY OF BEND, An Oregon Municipal Corporation, Defendant-Appellee.
 No. 94-35137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1995.
Decided Aug. 24, 1995.
As Amended Sept. 14, 1995.
 
 Before: CANBY and REINHARDT, Circuit Judges, and LEGGE,* District Judge.
 MEMORANDUM**
 Raymond Springer appeals the district court's grant of summary judgment in favor of the City of Bend in this action asserting a taking claim. We affirm.
 BACKGROUND
 Springer bought the property in question in 1978. In 1980, lumber companies deeded adjacent land to the city, allowing the development of S.E. Division Street. In 1983, Springer applied for a zone change from light industrial to commercial. The lumber companies initially opposed the zone change, but eventually an agreement was reached placing certain restrictions on Springer's land and providing that the land would not have access to S.E. Division Street. The city then approved the zone change.
 In 1984, Springer asked the city to extend a street across his property to connect S.E. Second and S.E. Division Streets. The city denied the request because Springer had not sought the required county and state permits and because denial was consistent with the city's driveway access policy. Springer appealed this decision to the Oregon Land Use Board of Appeals (LUBA), which affirmed the city's action in July 1985.
 PRIOR LITIGATION
 While the LUBA appeal was pending, Springer filed an action in the Deschutes County Circuit Court of the State of Oregon, seeking a declaratory judgment under Oregon law that the restrictions contained in the deeds from the lumber companies to the city were invalid. (Deschutes County I). In December 1985, that court granted the city summary judgment on the ground that there was no justiciable issue, because Springer had failed to obtain certain consents and approvals necessary to obtain any actual relief.
 In July 1987, Springer filed claims in the federal district court for the District of Oregon alleging taking and equal protection violations under the federal constitution. The taking claim was dismissed without prejudice, because Springer had not ripened his claim by seeking compensation under state law. The equal protection claim was dismissed based on Springer's acknowledgment that it was precluded by Deschutes County I.
 In May 1988, Springer returned to state court (Deschutes County II). He raised an inverse condemnation claim under the Oregon constitution and tort claims. Defendants were granted summary judgment on all claims. The inverse condemnation claim was precluded because it could have been brought in Deschutes County I and was not. The Oregon Court of Appeals affirmed, and the Oregon Supreme Court denied review. Springer v. City of Bend, 111 Or.App. 136 (1992), review denied, 313 Or. 354 (1992).
 THE CASE BELOW
 Springer then returned to the federal district court. His complaint alleges that the city's various actions between 1980 and 1986, taken together, constitute a taking of his property in violation of the Fifth and Fourteenth Amendments. Springer argued that the city had turned his property into a pollution easement for the benefit of neighboring industrial properties, stripping his property of its viable economic use.
 The district court found that all of the city's alleged actions occurred before Deschutes County II was initiated, and that the series of decisions and transactions out of which the federal claim arose was the same as that out of which Deschutes County II arose. The court concluded that when Springer brought the Deschutes County II action in 1988 alleging an inverse condemnation under Oregon law, he could have raised the federal taking claim. Because he failed to do so, his claim was precluded.
 DISCUSSION
 We review both summary judgment and res judicata determinations de novo. E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1287 (9th Cir.1992).
 The Full Faith and Credit Act, 28 U.S.C. Sec. 1738, requires that federal courts "give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Oregon courts adhere to standard principles of claim and issue preclusion. Dodd v. Hood River County, No. 93-35207, slip op. at 7633 (9th Cir. June 29, 1995) (citing Rennie v. Freeway Transp., 294 Or. 319 (1982)). The general rule in claim preclusion jurisprudence is:
 [A] plaintiff who has prosecuted one action against a defendant and obtained a valid final judgment is barred by res judicata from prosecuting another action against the same defendant where (a) the claim in the second action is one which is based on the same factual transaction that was at issue in the first; (b) the plaintiff seeks a remedy additional or alternative to the one sought earlier; and (c) the claim is of such a nature as could have been joined in the first action.
 Dodd, at 7634.
 In Dodd, the plaintiffs' federal takings claim was not subject to the general prohibition against claim-splitting because of two recognized exceptions. First, the defendants had consented to the splitting of the plaintiffs' claim between state and federal courts. Id. Second, the Oregon courts had reserved the federal takings issue for later determination. Id. at 7635. Because of these exceptions, the court did not need to "confront the Dodds' attempt to avert the pains of preclusion law through use of an England reservation, which typically is available to litigants that are in state court 'involuntarily' as a result of Pullman abstention by the federal court." Id. at 7635-36; see England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411 (1964).
 In this case, there is no evidence in the record to support the application of any exception to the ordinary rules of claim preclusion. Springer argues that the district court erred in concluding that Springer had failed to preserve his federal takings claim for federal adjudication through use of an England reservation in the prior state court proceedings. However, even if a takings litigant has this power, which is a question that we need not decide to resolve this appeal, nothing in the record suggests that we should question the district court's conclusion that Springer had failed to make the reservation.
 In its brief in support of its motion for summary judgment, the city argued that Springer's claim was barred by claim preclusion. (Ct.R. 10, at 10.) If Springer wished to present evidence or argument to the district court on the question of England reservation, he had an adequate opportunity to do so. In his opposition brief, Springer briefly addressed the question of claim preclusion. (See Ct.R. 18, Pl.'s Mem. in Resp. to Mot., at 34-35.) He argued, in effect, that claim preclusion cannot bar a federal court from adjudicating a federal claim, when the prior proceedings involved only state law claims. As Springer appears to recognize in this appeal, that contention is incorrect. In general, state courts of competent jurisdiction may decide federal claims, and their rulings on both state and federal issues have res judicata and collateral estoppel effect in later federal proceedings. See Migra, 465 U.S. at 80-85.
 Springer could have presented his federal claim to LUBA, and to the state court in Deschutes County I. And this court cannot look behind the state court's decision to that effect in Deschutes County II. Springer's claim is now precluded.
 AFFIRMED.
 Sept. 14, 1995.
 REINHARDT, J., concurring:
 
 
 1
 I concur only in the result. I do not agree that Springer failed to preserve his federal claim in state court. To the contrary, I think it clear that he did. I would affirm the district court's decision on an entirely different ground. I conclude that Springer failed to follow the procedure prescribed by the State of Oregon for seeking just compensation and, therefore, is foreclosed from raising his federal takings claim in federal court.
 
 
 2
 In Williamson Co. Reg. Planning v. Hamilton Bank the Supreme Court held: "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." 105 S.Ct. 3108, 3121 (1985). In this case, Springer failed to use Oregon's procedure for obtaining just compensation. The trial court in Deschutes County II held that Springer's state inverse condemnation claimed was barred by res judicata, because this claim could have been--but was not--raised in Deschutes County I. The Oregon Court of Appeals affirmed this decision. 111 Or. App. 136, rev. denied, 313 Or. 354 (1992).
 
 
 3
 There can be no doubt that Oregon state law prescribes an "adequate" procedure for obtaining just compensation. Under Williamson, Springer was obliged to follow that procedure before raising his federal takings claim. By neglecting to raise his inverse condemnation claim in Deschutes County I, Springer failed to avail himself of the state procedure. Thus, we are foreclosed from considering his claim that the City's action violated the Just Compensation Clause. In short, I conclude that Springer's claim never became ripe.
 
 
 
 *
 Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3