Argued and submitted April 9, 1998, affirmed August 25, 1999, petition for review denied January 18, 2000 (329 Or 590)

Robert WYNIA,
*Appellant,*

*v.*

George FICK,
*Respondent.*

(97C-891886; CA A97885)

986 P2d 625

Victor C. Pagel argued the cause and filed the brief for appellant.

K. Christopher Jayaram argued the cause for respondent. On the brief were M. Robert F. Smith and Smith, Freed, Heald & Chock.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

ARMSTRONG, J.

---

\* Kistler, J., *vice* Warren, P. J., retired.

**ARMSTRONG, J.**

Plaintiff appeals from a judgment of dismissal entered pursuant to ORCP 21 A(3),[1] which provides for dismissal when there is another action pending between the same parties for the same cause. He contends that the trial court erred when it applied the rule against maintaining multiple actions, because the legislature has enacted a statutory exception to that rule that allows an insurer to require its insured to bring a separate action to recover personal injury protection (PIP) benefits that the insurer has paid. We affirm.

Plaintiff was struck and injured by a car driven by defendant. Plaintiff's PIP provider, Farmers Insurance Company (Farmers), paid plaintiff PIP benefits totaling $7,002.20. In November 1996, plaintiff filed a negligence action against defendant, seeking $45,000 in noneconomic damages and over $4,000 in present and future medical bills. At Farmers' request, plaintiff filed a second negligence action against defendant in February 1997 in which plaintiff sought only the economic damages that he had suffered that Farmers had paid in PIP benefits. Defendant moved to dismiss the second action on the ground that another action involving the same parties and the same cause was pending. The trial court granted defendant's motion and plaintiff appeals.

ORCP 21 A(3) is a codification of the common-law rule against splitting claims. That rule is rooted, in turn, in the doctrine of claim preclusion. Claim preclusion prevents a party

> " 'who has prosecuted an action through to final judgment * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one

---

[1] ORCP 21 A provides, in pertinent part:

"[T]he following defenses may at the option of the pleader be made by motion to dismiss: * * * (3) that there is another action pending between the same parties for the same cause[.]"

sought earlier, and is of such a nature as could have been joined in the first action.' "

*Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)). The purpose of the rule is, in part, to protect limited dispute-resolution resources from repeated expenditure on the same dispute. *Drews*, 310 Or at 141. The same principle applies to simultaneous actions.

There are exceptions to the rules against splitting claims, and plaintiff contends that such an exception applies here. Plaintiff argues that the legislature has fashioned in ORS 742.538[2] an exception that allows a PIP provider to

---

[2] ORS 742.538 provides:

"If a motor vehicle liability insurer has furnished personal injury protection benefits, or a health insurer has furnished benefits, for a person injured in a motor vehicle accident, and the interinsurer reimbursement benefit of ORS 742.534 is not available under the terms of that section, and the insurer has not elected recovery by lien as provided in ORS 742.536, and is entitled by the terms of its policy to the benefit of this section:

"(1) The insurer is entitled to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the injured person against any person legally responsible for the accident, to the extent of such benefits furnished by the insurer less the insurer's share of expenses, costs and attorney fees incurred by the injured person in connection with such recovery.

"(2) The injured person shall hold in trust for the benefit of the insurer all such rights of recovery which the injured person has, but only to the extent of such benefits furnished.

"(3) The injured person shall do whatever is proper to secure, and shall do nothing after loss to prejudice, such rights.

"(4) *If requested in writing by the insurer, the injured person shall take, through any representative not in conflict in interest with the injured person designated by the insurer, such action as may be necessary or appropriate to recover such benefits furnished as damages from such responsible person, such action to be taken in the name of the injured person, but only to the extent of the benefits furnished by the insurer.* In the event of a recovery, the insurer shall also be reimbursed out of such recovery for the injured person's share of expenses, costs and attorney fees incurred by the insurer in connection with the recovery.

"(5) In calculating respective shares of expenses, costs and attorney fees under this section, the basis of allocation shall be the respective proportions borne to the total recovery by:

"(a) Such benefits furnished by the insurer; and

"(b) The total recovery less (a).

"(6) The injured person shall execute and deliver to the insurer such instruments and papers as may be appropriate to secure the rights and obligations of the insurer and the injured person as established by this section.

bring, in the name of the insured, an action against a third party for the recovery of PIP benefits, even though the insured may already have initiated an action against that party for the recovery of damages based on the same transaction. We disagree.

ORS 742.538 is a part of a statutory scheme designed by the legislature to ensure that persons injured in motor vehicle accidents receive prompt payment of benefits for economic damages that they have suffered. In order to encourage PIP providers to make timely payments, the legislature has established several mechanisms by which these providers can be reimbursed for the PIP benefits that they have paid. In addition to ORS 742.538, a PIP provider's right to recover PIP benefits is covered by ORS 742.534 and ORS 742.536.[3] Under those three statutes, a PIP provider has four

"(7) Any provisions in a motor vehicle liability insurance policy or health insurance policy giving rights to the insurer relating to subrogation or the subject matter of this section shall be construed and applied in accordance with the provisions of this section." (Emphasis added.)

[3] ORS 742.534 provides:

"(1) Except as provided in ORS 742.544, every authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy. Reimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer.

"(2) In calculating such reimbursement, the amount of benefits so furnished shall be diminished in proportion to the amount of negligence attributable to the person for whom benefits have been so furnished, and the reimbursement shall not exceed the amount of damages legally recoverable by the person.

"(3) Disputes between insurers as to such issues of liability and the amount of reimbursement required by this section shall be decided by arbitration.

"(4) Findings and awards made in such an arbitration proceeding are not admissible in any action at law or suit in equity."

ORS 742.536 provides:

"(1) When an authorized motor vehicle liability insurer has furnished personal injury protection benefits, or an authorized health insurer has furnished benefits, for a person injured in a motor vehicle accident, if such injured person makes claim, or institutes legal action, for damages for such injuries against

methods through which to recover benefits that it has paid. The method chosen by the provider may depend on whether another option is available or on whether the insurer has chosen not to follow a particular path to recovery.

First, under ORS 742.534, every authorized motor vehicle liability insurance provider whose insured is or could be held legally liable for injuries to another person is required to reimburse the injured person's insurer for PIP benefits paid by that insurer to the injured person, provided that the PIP provider has requested such reimbursement and has not elected recovery by lien as provided by ORS 742.536. Any disputes as to liability or amount of recovery are decided through arbitration. Second, if the PIP provider's insured has brought an action to recover damages from a tortfeasor, ORS 742.536 allows the provider to attach a lien to any recovery

---

any person, such injured person shall give notice of such claim or legal action to the insurer by personal service or by registered or certified mail. Service of a copy of the summons and complaint or copy of other process served in connection with such a legal action shall be sufficient notice to the insurer, in which case a return showing service of such notice shall be filed with the clerk of the court but shall not be a part of the record except to give notice.

"(2) The insurer may elect to seek reimbursement as provided in this section for benefits it has so furnished, out of any recovery under such claim or legal action, if the insurer has not been a party to an interinsurer reimbursement proceeding with respect to such benefits under ORS 742.534 and is entitled by the terms of its policy to the benefit of this section. The insurer shall give written notice of such election within 30 days from the receipt of notice or knowledge of such claim or legal action to the person making claim or instituting legal action and to the person against whom claim is made or legal action instituted, by personal service or by registered or certified mail. In the case of a legal action, a return showing service of such notice of election shall be filed with the clerk of the court but shall not be a part of the record except to give notice to the claimant and the defendant of the lien of the insurer.

"(3) If the insurer so serves such written notice of election and, where applicable, such return is so filed:

"(a) The insurer has a lien against such cause of action for benefits it has so furnished, less the proportion, not to exceed 100 percent, of expenses, costs and attorney fees incurred by the injured person in connection with the recovery that the amount of the lien before such reduction bears to the amount of the recovery.

"(b) The injured person shall include as damages in such claim or legal action the benefits so furnished by the insurer.

"(c) In the case of a legal action, the action shall be taken in the name of the injured person.

"(4) As used in this section, "makes claim" or "claim" refers to a written demand made and delivered for a specific amount of damages and which meets other requirements reasonably established by the director's rule."

by the insured for the amount of the PIP benefits provided, as long as it has not sought reimbursement under ORS 742.534. Third, under ORS 742.538(1), a PIP provider can recover PIP benefits from the proceeds of any judgment or settlement that may result from the injured person's exercise of any rights to recover against any person legally responsible for the accident, less the insurer's share of the expenses, costs or attorney fees incurred by the insured in connection with such recovery. Fourth, under ORS 742.538(4), a PIP provider can require the insured to bring an action against the responsible party to recover PIP benefits. In the latter case, the PIP provider would supply the attorney and direct the litigation, even though the action would be brought in the name of the insured.

Plaintiff chose to bring this action under ORS 742.538(4). The only express requirements that a PIP provider must meet before it can proceed under ORS 742.538 are that it must show that intercompany reimbursement was not available under the terms of ORS 742.534 and that it has not elected to recover by lien under ORS 742.536. Plaintiff argues that, because the insurer has met those requirements, he must be allowed to proceed even though another action is pending between the parties for the same cause.

Defendant first argues that the insurer has not fulfilled the statutory requirements for such an action, because intercompany reimbursement is always *available* as long as both parties are insured. He further argues that ORS 742.538 applies only to those cases in which the tortfeasor is uninsured. Defendant makes those arguments for the first time on appeal, and we reject them. As to the first argument, plaintiff submitted an affidavit in response to defendant's motion to dismiss averring that intercompany reimbursement was not available, and there is no evidence in the record to dispute that statement. Without a basis to reach a contrary conclusion, and we are not aware of one, we must assume that intercompany reimbursement was not available to plaintiff. As to the second argument, ORS 742.538 provided, before its amendment in 1975, that it applied to providers who had paid benefits to "a claimant injured by a person *who is not covered by a motor vehicle liability insurer authorized to issue such polices in this state*[.]" Or Laws 1971,

ch 523, § 8 (emphasis added).[4] The 1975 amendment removed all references in the statute to the insurance status of the tortfeasor. Hence, by its terms, the statute is not limited to uninsured tortfeasors. Accordingly, for the purpose of this appeal, we will assume that plaintiff has met the requirements of ORS 742.538.

The only issue, then, is whether the legislature intended in enacting ORS 742.538(4) to provide that an action to recover PIP benefits could be brought under that subsection even though the injured party had already initiated an action in his or her own right through his or her own representative. Our goal in construing a statute is to effectuate the intent of the legislature. *PGE v. Jungwirth Logging, Inc.*, 151 Or App 789, 792, 951 P2d 1101 (1997). In order to discern that intent, we look first to the text of the statute, in context. *Id.* If the answer to our inquiry cannot be found in the text, then we look to legislative history. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611-12, 859 P2d 1143 (1993). There is nothing in the language of ORS 742.538(4) or its companion provisions to indicate that the legislature intended to create an exception to the well-established common-law rule against claim splitting that is embodied in ORCP 21 A(3), nor does the legislative history reflect such an intent. Indeed, the little that can be found in the legislative record about that issue indicates that the purpose of subsection (4) was to protect the insurer against an insured who may be disinclined to pursue an action against a third-party tortfeasor because the insured has already recovered any losses through PIP benefits. Cornelius Bateson, then the Insurance Commissioner and one of the drafters of the statute, testified that the provision was intended to prevent an insured from saying "I've got mine, I won't sue," by allowing the insurer to bring an action in order to recover the benefits that it had paid out. Testimony, Senate Judiciary Committee, HB 1300, May 19, 1971. In other words, subsection (4) was directed at those cases in which the insured had not brought, or had refused to bring, a separate action.

---

[4] At the time, ORS 742.538 was numbered ORS 743.830. The statutes discussed in this opinion were renumbered in 1989. The renumbering did not effect a substantive change and we refer to the statutes by their current designation.

Our reading of the text of the relevant statutes and our analysis of the legislative history lead us to conclude that the legislature did not intend for ORS 742.538 to allow two actions to be brought on the same claim in contravention of established common-law rules against claim splitting. Although the statutory scheme allows a PIP provider a number of means by which to recover benefits paid out, the fact that a provider has options does not, in itself, subvert established principles of law. Accordingly, we conclude that the trial court did not err when it dismissed plaintiff's claim.

Affirmed.