**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HENRY MANJARRES, | No. 09-35633 |
| Plaintiff - Appellant, | D.C. No. 6:07-cv-06323-TC |
| v. | |
| OREGON DEPARTMENT OF TRANSPORTATION, an agency of the State of Oregon, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Thomas M. Coffin, Magistrate Judge, Presiding

Submitted June 29, 2010[**]

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Henry Manjarres appeals from the district court's summary judgment for the

Oregon Department of Transportation (DOT) in his employment discrimination

and retaliation action under Title VII and 42 U.S.C. § 1981.  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo, *see FTC v. Stefanchik,* 559 F.3d 924, 927 (9th Cir. 2009), and may affirm on any basis supported by the record, *see Video Software Dealers Ass'n v. Schwarzenegger*, 556 F.3d 950, 956 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because, under Oregon claim preclusion law, Manjarres's federal action is barred by the adverse judgment in his prior state court action against the Oregon DOT. *See Holcombe v. Hosmer*, 477 F.3d 1094, 1097 (9th Cir. 2007) (federal courts must apply state claim preclusion law to state court judgments); *see also Rennie v. Freeway Transp*., 656 P.2d 919, 921 (Or. 1982) (an action is precluded if based on the same factual transaction as a prior suit, seeks additional or alternative remedies to those sought earlier, and raises claims that could have been joined in the first action).

We need not reach the parties' remaining arguments.

**AFFIRMED**.

09-35633