NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY ALLISON; HOLLY BURNEY, both in her individual capacity and in addition, as a collective action on behalf of others similarly situated, | No. 19-35259 |
| | D.C. No. 3:14-cv-01005-AC |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM[*] |
| SCOTT DOLICH, an individual; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted March 4, 2020
Portland, Oregon

Before: FERNANDEZ and PAEZ, Circuit Judges, and BURGESS,[**] District Judge.

Plaintiffs Nancy Allison and Holly Burney sued their former employers

("Defendants") in federal court, alleging violations of the Fair Labor Standards Act

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Timothy M. Burgess, United States Chief District Judge for the District of Alaska, sitting by designation.

("FLSA"). Three days later, they filed a putative class action against Defendants in state court, alleging violations of state law. After a jury rendered a verdict in the state case, the district court granted summary judgment to Defendants on claim preclusion grounds, which Plaintiffs now appeal. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1287 (9th Cir. 1992). We also review de novo a district court's ruling on claim preclusion, including whether a party has waived its right to assert claim preclusion. *Id.*; *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735 (9th Cir. 1988). We affirm.

**1.** As an initial matter, the district court properly concluded that Defendants did not waive a claim preclusion defense or otherwise acquiesce to the plaintiffs' claim-splitting. Defendants repeatedly objected to the splitting of the two actions, first by removing the state case to federal court and again by moving to dismiss the state case on prior-action-pending grounds. Under Oregon law,[1] such conduct is sufficient to preserve objection to the two actions proceeding simultaneously. *See, e.g., Rennie v. Freeway Transport*, 656 P.2d 919, 924–25 (Or. 1982) (en banc).

---

[1] Because "[t]he judgment giving rise to preclusion issued in a[n] [Oregon] court," we apply Oregon law to determine the judgment's preclusive effect. *Rangel v. PLS Check Cashers of Cal., Inc.*, 899 F.3d 1106, 1110 n.2 (9th Cir. 2018).

**2.** The district court did not err in dismissing the federal claims on the basis of claim preclusion. Under Oregon law, in relevant part, "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is . . . based on the same factual transaction . . . [and] could have been joined in the first action." *Rennie*, 656 P.2d at 921.

To determine whether the claims in the two actions are based on the same underlying transaction, Oregon law directs us to consider six factors: (1) whether the events giving rise to the later claims occurred before the first action was brought; (2) whether the events giving rise to liability in each action were physically close to one another; (3) whether the origin of the harm in one case is related to the other; (4) whether the defendants' conduct was "motivated by a common end, scheme or plan"; (5) whether it would be convenient to try all the claims in a single proceeding; and (6) whether the acts underlying the harm in each action are similar. *Whitaker v. Bank of Newport*, 836 P.2d 695, 698–701 (Or. 1992) (en banc). For the reasons articulated by the district court, these factors indicate that the same factual transaction underlies the claims in both the federal and state actions.

3

We also conclude that the plaintiffs "had a full and fair opportunity" to join their claims in one proceeding, "whether or not they actually did so." *Aguirre v. Albertson's, Inc.*, 117 P.3d 1012, 1022 (Or. Ct. App. 2005); *see also Rennie*, 656 P.2d at 924 (requiring all claims be brought in one proceeding "at least insofar as possible"). Plaintiffs' first contention—that they lacked the opportunity to try the state class claims in federal court because the subclasses would fail to meet the numerosity threshold required to maintain a class action in federal court—is unconvincing. The operative state court complaint sued the two employers together "as a single joint employer of all of the class members" and alleged three subclasses, each "consisting of at least 35–50 persons." We are not aware of any absolute bar against subclasses of this size. *Cf. Gen. Tel. Co. of the Nw., Inc. v. Equal Emp't Opp. Comm'n*, 446 U.S. 318, 330 (1980).

Plaintiffs next assert that they lacked a full and fair opportunity to file their state claims in federal court because the district court possibly would have declined to exercise supplemental jurisdiction over their state claims. Under Oregon law, mere possibility is insufficient: "If it is not *clear* that the federal court, having jurisdiction, would have declined to exercise it, then claim preclusion will bar any state law claim that a plaintiff could have but did not raise initially in federal court." *Ram Tech. Servs., Inc. v. Koresko*, 208 P.3d 950, 956–57 (Or. 2009) (en banc) (emphasis added). Plaintiffs offer no authority demonstrating that the

4

district court "clearly" would have declined to exercise supplemental jurisdiction over the state law claims. *Id.* at 956.

Finally, because FLSA collective actions require individuals to opt *in*—while class actions require putative class members wishing not to be bound to affirmatively opt *out*—Plaintiffs contend that the opt-out state court judgment lacks preclusive effect with respect to the federal opt-in plaintiffs. We previously considered, and rejected, an identical argument. *See Rangel*, 899 F.3d at 1112. In *Rangel*, we determined that while the "[opt-in] collective action and opt-out class mechanisms do differ . . . . [t]he mechanism of litigation has no impact" on our claim preclusion analysis. *Id.* at 1111. Moreover, Plaintiffs' opportunity to raise their concerns with the adequacy of the state class notice was with the state court. *Id.* at 1112.

Plaintiffs' remaining arguments are likewise unpersuasive.[2] We conclude that claim preclusion bars the federal court claims.

**AFFIRMED.**

---

[2] For instance, Plaintiffs' contention that it is the *federal* court's grants of partial summary judgment that preclude the later state court judgment lacks merit. Claim preclusion requires a *final* judgment on the merits. *See, e.g., Drews v. EBI Cos.*, 795 P.2d 531, 535 (Or. 1990). A grant of partial summary judgment is not a final judgment. *See, e.g., Williamson v. UNUM Life Ins. Co. of Am.*, 160 F.3d 1247, 1250 (9th Cir. 1998). Accordingly, the district court's partial summary judgment rulings are not entitled to preclusive effect over the later state court judgment.