Argued May 3, affirmed September 22, 1965

CARTER ET UX *v.* RICKER ET UX

405 P. 2d 854

*Charles R. Cater*, La Grande, argued the cause and filed a brief for appellants.

*R. Thomas Gooding*, La Grande, argued the cause for respondents. On the brief were Burleigh, Carey & Gooding, La Grande.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

GOODWIN, J.

W. N. Carter and Della Carter, husband and wife, brought an action for damages for fraud. They appeal from a judgment on the pleadings in favor of the defendants, Frank Ricker and Della Ricker, also husband and wife.

The Carters alleged that the Rickers falsely represented to the Carters that the Rickers would lease to the plaintiffs for five years a cattle ranch and certain cattle owned by the Rickers. The promise, if made, was never reduced to writing. The damages alleged in this action arose out of the breach by the Rickers of the alleged promise.

After the Carters had gone upon the ranch and had farmed it for one year, the Rickers gave the Carters notice to vacate. The Carters, claiming a five-year lease, refused to vacate. The Rickers, at that time proceeding as plaintiffs, brought an action of forcible entry and detainer. The Carters defended, asserting the alleged lease, and also that they had been defrauded. The court found against them and entered judgment for the Rickers. Later, Frank Ricker, alone, also brought an action in the nature of replevin to recover possession of nine cows and their calves that

were in the possession of W. N. Carter. A default judgment was entered against W. N. Carter in the replevin action.

The Rickers' answer in the case at bar set up the prior litigation between the parties as a collateral estoppel which, they asserted, bars this action. The Carters demurred to the answer. When their demurrer was overruled, the Carters elected to stand on the pleadings and test the correctness of the trial court's ruling in this appeal. We have examined the pleadings and are satisfied that there was no error.

■ Collateral estoppel is established when it is shown that the issues sought to be litigated have already been litigated and reduced to judgment in an earlier action between the same parties or their privies. *Wagner v. Savage, as Adm'r,* 195 Or 128, 147, 244 P2d 161 (1952).

■ The pleadings in the case at bar reveal that in the action of forcible entry and detainer, the Carters, then acting as defendants, attempted to prove that the Rickers made the same oral promise the breach of which they now contend gives rise to their right to recovery in this action. The trial court in the forcible entry and detainer action found against the Carters on the issue of the alleged oral promise. The court specifically found that the parties had entered into a lease for one year.

The Carters are now saying, in effect, that "even though we did not prove an enforceable contract or part-performance taking the oral agreement out of the statute of frauds, in defense of our right of possession of the ranch and the cattle beyond one year we now have the right to prove that the Rickers made the five-year promise; that they had no intention of perform-

ing their promise when they made it; and that we relied upon it to our injury."

Since the judgment in the forcible entry and detainer action necessarily rejected all the legal and equitable defenses which had been asserted, including the allegation that the Carters had been promised a five-year lease, the judgment amounts to a final determination that no such promise had been made. If the promise was never made, it obviously makes no difference now whether the Rickers ever intended to give the Carters a five-year lease. Thus, the issue of fraud, which the Carters now contend is a new cause of action, is merely a disguised attempt to relitigate the issue of the alleged promise of a five-year lease. That cannot be done. *Jarvy v. Mowrey*, 235 Or 579, 385 P2d 336 (1963).

The Carters seek, under *Buck v. Mueller*, 221 Or 271, 351 P2d 61 (1960), to characterize their present claim concerning dealings with cattle as an optional counterclaim which they might but were not required to have brought in Ricker's action to replevy the cattle.

The defect in this line of argument, however, again lies in the fact that W. N. Carter had an opportunity to assert his theory of rights arising out of an oral promise in the replevin case. Since the allegations that Ricker was the owner and was entitled to possession of the cattle were never denied, the possessory rights in the cattle are now settled by a final judgment.

The answer filed by the Rickers in the case at bar asserts that the cattle involved in the replevin action and the respective rights of the parties thereto were the same as those described in the Carters' complaint. Since the demurrer admits the truth of this

assertion, we are concerned only with its legal sufficiency. Upon that score, it adequately asserts the defense of collateral estoppel.

Finally, the Carters contend that because the wives of the two men were not joined as parties in the replevin action, that judgment, at least, is not binding upon the wives, who now have been joined as parties in the present litigation.

■ The pleadings reveal, however, that any interest either wife had in any of the cattle involved in this litigation necessarily arose out of her marital relationship, and not out of any separate proprietary or contractual relationship of her own. The wives are, therefore, in privity with their husbands and are equally bound by the replevin judgment. Cases involving personal injuries, cited by the Carters in support of their contention, are not in point.

Affirmed.