Argued April 8, affirmed April 20, 1966

BETKER ET UX *v.* OPPEL ET UX

413 P. 2d 426

*Clifford E. Nelson,* Portland, argued the cause for appellants. On the briefs were Phelps, Nelson & Shepherd, Portland.

*William K. Shepherd,* Portland, argued the cause for respondents. With him on the brief was G. Bernhard Fedde, Portland.

Before McALLISTER, Chief Justice, and GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

GOODWIN, J.

Plaintiffs appeal from a summary judgment denying relief for the reason that the issue was *res judicata.*

The action was for the return of money paid by the plaintiffs and their assignors toward the purchase of certain described real property sold under a contract. The vendors, as defendants, filed an answer alleging in substance that the relief sought by the amended complaint had been denied in a prior judgment in the same court. The pleadings and judgment in the former action were attached to the answer as exhibits and were incorporated by reference in the answer.

The trial court "received" the attached pleadings as "evidence" under a stipulation in open court that the documents were true copies. The court thereupon ruled that the undisputed evidence showed the action to be barred and granted a nonsuit. The granting of the nonsuit was, strictly speaking, an error in nomenclature. The case was not disposed of because of a failure by the plaintiffs to prove the allegations of their complaint, a futile exercise which they were properly spared. Rather, the judgment went against them because the pleadings as a whole revealed that the plaintiffs were estopped to relitigate the case. While the judgment would have been more accurately characterized as a judgment on the pleadings, it is a judgment that must be affirmed.

The pleadings and judgment from the former case which were attached to the answer showed conclusively that the plaintiffs had previously attempted to recover from the defendants the same money for the same asserted reasons, and that they had been denied recovery on the merits. The court held in the former case that the vendors were entitled to the return of the real property and other relief as provided in the contract against defaulting purchasers. The default of the purchasers was established in that action, and that judgment was not appealed.

The present case is a bald attempt to relitigate questions all of which either were conclusively determined, or could have been so determined, in the first case. The case is very similar to that of *Carter v. Ricker,* 241 Or 342, 405 P2d 854 (1965), except that in the present case the conclusive effect of the first judgment is even more obvious than it was in *Carter v. Ricker.*

Affirmed.