Argued and submitted December 9, 1994, reversed and remanded March 22, 1995

# Mark LAWTON,
## *Appellant,*

*v.*

# James SIMPSON
## and Phyliss Simpson,
### husband and wife,
## *Respondents.*

## (93-0935-L-2; CA A80738)

891 P2d 1371

Raymond R. Smith argued the cause and filed the briefs for appellant.

Matthew Sutton argued the cause for respondents. With him on the brief were Douglas J. Richmond and Kellington, Krack, Richmond & Blackhurst.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Riggs, P. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Plaintiff brought this action for fraud, breach of contract, specific performance, conversion and constructive trust. He alleged that, in 1990, he and defendants entered into an agreement whereby defendants assisted him in obtaining refinancing for real property where plaintiff lived, that in exchange he transferred title to defendants, and that defendants agreed later to return title to plaintiff. Defendants filed a motion for summary judgment on the ground that plaintiff was barred by "issue preclusion" from litigating his claims. The trial court granted defendants' motion. We reverse.

In 1992, defendants had brought a Forcible Entry and Detainer action (FED), ORS 105.105 *et seq*, against plaintiff for possession of the property. Plaintiff, who was not represented by counsel in that proceeding, defended on the grounds that: (1) defendants had defrauded him; (2) he, not defendants, owned the real property; and (3) he had an enforceable contract to purchase the property. The FED court found in favor of defendants and entered a judgment that included findings against plaintiff on the grounds that he had asserted.[1] Defendants argue that that FED judgment bars plaintiff from relitigating his claims in this action.

District courts have exclusive jurisdiction of FED proceedings. ORS 46.060(1)(e). However, they do not have jurisdiction to determine title, and a district court judgment is without effect as to title. ORS 46.084(1) provides:

"Except as provided in subsection (2) of this section, while the title to real property may be controverted or questioned in an action in district court, *the judgment in the action shall in no way affect or determine title between the parties* or otherwise." (Emphasis supplied.)

*See also Schroeder v. Woody,* 166 Or 93, 109 P2d 597 (1941). In the FED proceeding, plaintiff's defenses raised issues affecting title. Either party could have moved to transfer the action to circuit court, ORS 46.064(1); *see Long v. Storms,* 50 Or App 39, 622 P2d 731, *rev den* 290 Or 727 (1981), but that

---

[1] The first finding was that the defendants in this case

"are the owners of the property located at 1329 Mt. Pitt, Medford, Oregon[.]"

did not happen. Accordingly, the FED proceeding determined who was entitled to possession of the premises. *See Scales v. Spencer*, 246 Or 111, 424 P2d 242 (1967). The FED court had authority to consider the defenses raised by plaintiff insofar as necessary for determination of possession, but the judgment was not determinative as to how those defenses affected title.

ORS 46.084(2) provides a procedure whereby the district court judgment could affect or determine title:

> "In an action in a district court involving title to real property and in which objections to the jurisdiction of the court are considered waived as provided in ORS 46.064(3),[2] a judgment of the court that would affect or determine title to the real property and that is docketed in the judgment docket of the circuit court shall, from the time of that docketing, affect or determine title to the real property as if it were a judgment of the circuit court where it is docketed."

The record does not show that at this point that the district court judgment has been docketed in circuit court.

Defendants argue that the district court's lack of jurisdiction to determine title does not apply to the question of whether plaintiff could litigate the issues here. They argue that the reason that plaintiff is precluded from bringing the claims is because the issues that he has raised in his complaint have actually been litigated and determined in a setting where their determination was essential to the final decision reached. *Drews v. EBI Companies*, 310 Or 134, 139, 795 P2d 531 (1990).

---

2 ORS 46.064(3) provides:

"A motion to transfer made by a party or an order to transfer made by a district court on its own motion under this section shall be made not less than 14 days before the date set for trial of the action in the court. If no party has made a motion to transfer and the court is otherwise unaware that a claim is outside the jurisdiction of the court and as a result the court has failed to order a transfer of the case, all objections that jurisdiction is not in the district court but is in the circuit court shall be considered waived, and a judgment of the district court in the action shall not be void or voidable or subject to direct or collateral attack on the ground that jurisdiction was not in the district court but was in the circuit court. However, nothing in this section shall be construed to allow a party to agree to waive the jurisdictional limits of the court where the party is aware more than 14 days in advance of the date set for trial of the action that a claim is not within the jurisdiction of the court."

In arriving at the proposition relied on by defendants, the Supreme Court cited, *inter alia, Restatement (Second) Judgments* § 27 (1982). *Drews*, 310 Or at 139, 140. According to section 27, issue preclusion applies if the issue has been "actually litigated and determined by a valid and final judgment * * *." Comment *k* to Section 27 explains that "[t]he requisites of a valid judgment are set forth in [*Restatement (Second) Judgments*] § 1 * * *." That section, in turn, explains that a valid judgment is one in which the court has "authority to render judgment in an action [because] the court has jurisdiction of the subject matter of the action * * *." Here, the FED court did not have jurisdiction to render a judgment that in any way affected title, and issue preclusion does not prevent plaintiff from bringing this action.

*Carter v. Ricker*, 241 Or 342, 405 P2d 854 (1965), does not command a different result. In that case, the plaintiffs had been defendants in an FED proceeding and had asserted, as a defense, that they had a five-year lease of a ranch. After losing in the FED proceeding, the plaintiffs brought an action seeking damages for fraud, alleging that the defendants (plaintiffs in the FED proceeding) had falsely represented that they would lease the ranch for five years. The Supreme Court held that the plaintiffs were collaterally estopped from bringing the action, because, in the FED proceeding, they had attempted to prove the defendants' breach of the same oral promise that the plaintiffs were contending gave rise to their action for fraud. The court held that the FED judgment necessarily rejected all the legal and equitable defenses that had been asserted, including that the plaintiffs had been offered a five-year lease. Thus, the FED judgment amounted to a final determination that no such promise had been made. *Carter*, 241 Or at 345.

In *Carter*, the issues that were litigated and determined were those surrounding the terms of a lease. Here, in contrast, plaintiff's defenses in the FED proceeding involved title to the property. ORS 46.084(1) precludes the FED judgment from determining those issues. The trial court erred in granting defendants' motion for summary judgment on the ground of issue preclusion.

Reversed and remanded.