Argued and submitted October 17, affirmed December 17, 1997, appellant's petition for reconsideration filed February 26 allowed by opinion April 1, 1998 See 153 Or App 273, _____ P2d _____ (1998)

## Patrick S. PERKINS,
### *Appellant,*

*v.*

## Clifford CONRADI
## and Patricia A. Conradi, fka Patricia A. Mill,
## husband and wife,
### *Respondents.*

## (95CV0538; CA A94839)

950 P2d 380

See also 149 Or App 149, 941 P2d 1083.

Keith Rodman argued the cause and filed the briefs for appellant.

Clayton C. Patrick argued the cause and filed the brief for respondents.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff brought this action seeking a declaration that defendants hold certain real property and proceeds from the sale of timber in constructive trust for his benefit. ORS chapter 28. He alleges that he is the owner of the 40-acre property and that defendants should be required to deed the land and remit the timber proceeds to him. Defendants moved for summary judgment, ORCP 47 C, arguing that the doctrine of claim preclusion bars plaintiff's claim. The trial court granted defendants' motion, and we affirm.

On review of summary judgment, we review the facts in the light most favorable to the nonmoving party to determine if the movant is entitled to judgment as a matter of law. *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). In 1995, defendants brought a forcible entry and detainer action (FED) against plaintiff for possession of the same real property. Defendants originally brought their action in district court. *See* ORS 46.060(1)(e) (district courts have exclusive jurisdiction to hear FED actions). Plaintiff defended against the FED by arguing that he owned five acres of the 40-acre parcel, and he moved to transfer the action from district court to circuit court. *See* ORS 46.084(1) and ORS 46.064(1).[1] The district court granted the motion, and the action was tried in circuit court. The circuit court ruled that defendants had failed to prove their FED claim and that plaintiff was the owner of the five-acre parcel. The subsequent judgment dismissed defendants' FED action and declared plaintiff "the owner of and entitled to the immediate possession of" the five-acre parcel. Defendants appealed, and we affirmed. *See Conradi v. Perkins*, 149 Or App 149, 941 P2d 1083 (1997).

---

[1] ORS 46.084(1) provides, in part:

"[W]hile the title to real property may be controverted or questioned in an action in district court, the judgment in the action shall in no way affect or determine title between the parties or otherwise."

ORS 46.064(1) provides, in part:

"When it appears to any party that a civil action commenced in a district court involves any claim that is not within the jurisdiction of the district court but is within the jurisdiction of the circuit court, that party shall file a motion requesting transfer and the district court shall not dismiss the action but shall order transfer of the entire action to the circuit court."

Before the FED action went to trial, plaintiff filed the present action in circuit court. After plaintiff prevailed in the FED action, defendants moved for summary judgment in this case. In a memorandum opposing summary judgment, plaintiff argued that ORCP 24 A provides for permissive joinder of claims and that "[d]efendants cite no authority which would have required [plaintiff] to counterclaim to assert his ownership of the entire tax lot." He also argued that "[i]t was not necessary or appropriate in the former FED action for [plaintiff] to prove facts tending to show unjust enrichment or a constructive trust regarding the entire acreage." The trial court rejected plaintiff's arguments and ruled that claim preclusion barred this action because he had had the opportunity to litigate his interest in the remaining 35 acres in the FED proceeding.

On appeal, plaintiff argues: (1) ORS 105.132 prohibits counterclaims in FED actions and, thus, he could not have brought a counterclaim in that proceeding; and (2) even if ORS 105.132 is not controlling, he did not have the opportunity to litigate his claim to the remaining 35 acres in the FED action. The first issue regarding the effect of ORS 105.132 on this action was not argued to the trial court. Plaintiff argued only that a counterclaim was not necessary or appropriate because of Oregon's permissive joinder rule and that the claims made in the present action were different from the defenses he raised in the first proceeding. We will not address an issue raised for the first time on appeal, ORAP 5.45(2), and, therefore, we decline to address the issue of whether ORS 105.132 applies to this proceeding.

■ The question remains whether under these facts, plaintiff is precluded from filing his claims. *See Connor v. Delon Oldsmobile Co.*, 66 Or App 394, 398, 674 P2d 1180 (1984) (when a defendant files a counterclaim, claim preclusion applies in the same way as if the defendant had made the claims as plaintiff). In *Peterson v. Temple*, 323 Or 322, 329-32, 918 P2d 413 (1996), the court held that, notwithstanding ORCP 24 A, claim preclusion requires a party to litigate all claims that arise from the same transaction or series of connected transactions out of which the action or proceeding arises. The doctrine of claim preclusion can apply to matters pleaded originally as a defense when used subsequently

as a basis for affirmative relief. *Jarvey v. Mowrey*, 235 Or 579, 583, 385 P2d 336 (1963);[2] *see also Colhouer v. Union Pacific R.R.*, 275 Or 559, 562-64, 551 P2d 1291 (1976) (holding that claim preclusion applied to cross-claims, notwithstanding Oregon's permissive cross-claim statute). The Supreme Court has defined claim preclusion as follows:

> "[A] plaintiff who has prosecuted one action against a defendant through to a final judgment * * * is barred [*i.e.*, precluded] * * * from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action." *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982)).

In *Whitaker v. Bank of Newport*, 313 Or 450, 456-59, 836 P2d 695 (1992), the court looked at a number of factors, including time, space, origin, motivation, convenience, and similar acts, to determine whether two different claims concerned the "same factual transaction." The court in *Jarvey* focused on whether the plaintiff's theory in the first case produced evidence necessary to dispose of the claim brought in the second case. *Jarvey*, 235 Or at 586-87. Here, the parties in both actions are the same. All the events that give rise to this claim occurred before the FED claim was tried. All the evidence that plaintiff offered during the first trial to establish his ownership to the five acres is the same evidence that would have established ownership to the 40 acres. In the FED claim, defendants sought to evict plaintiff from the entire 40-acre parcel. Plaintiff reduced the dispute to who owned five acres of the 40-acre parcel. There was nothing that prevented him from making the same claim as to the remaining 35 acres. Also, in the FED action, plaintiff relied on evidence of the state of mind of Opal Perkins, the original

---

[2] In the *Jarvey* opinion, the court also explained that when the first action is based on express contract and the second action is based on implied contract, the later action may not necessarily be barred. 235 Or at 584. That specific holding was later overruled in *Dean v. Exotic Veneer, Inc.*, 271 Or 188, 200, 531 P2d 266 (1975).

title holder of the 40-acre parcel. He was able to demonstrate that Perkins made an oral gift of the 40-acre parcel to him. That evidence is the same evidence on which he relies to assert his constructive trust and declaratory judgment claims to the remaining 35 acres in this action. Accordingly, the trial court ruled properly that claim preclusion barred plaintiff's claims, because he had the opportunity to assert his claim to the entire 40 acres at the time of the FED action.[3]

Affirmed.

---

[3] *Compare Lawton v. Simpson,* 133 Or App 489, 491-92, 891 P2d 1371 (1995) (holding that because an FED action was tried in district court, the court did not have jurisdiction to determine title to real property and, thus, the plaintiff was not barred from bringing his present action).