On appellant's petition for reconsideration filed January 15, and respondents' response filed February 26, motion for reconsideration allowed; opinion (151 Or App 585, 950 P2d 380) modified and adhered to as modified April 1, appellant's petition for reconsideration allowed by opinion June 10, 1998

See 154 Or App 439, 959 P2d 1013 (1998)

Patrick S. PERKINS,
*Appellant,*

*v.*

Clifford CONRADI
and Patricia A. Conradi,
fka Patricia A. Mill,
husband and wife,
*Respondents.*

(95CV0538; CA A94839)

956 P2d 1022

Keith Rodman for petition.

Clayton C. Patrick, *contra.*

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiff moves for reconsideration of our opinion, 151 Or App 585, 950 P2d 380 (1997), in which we held that plaintiff's declaratory judgment action was barred by the doctrine of claim preclusion because he had had the opportunity to assert his claims at the time of an earlier forcible entry and detainer (FED) action. We allow the motion to reconsider and adhere to our opinion as modified.

Initially, plaintiff correctly points out that our former opinion contains a factual error. On page 590, we said that plaintiff was "able to demonstrate that Perkins made an oral gift of the 40-acre parcel to him." In fact, the oral gift was for five acres that was part of an original 40-acre parcel. The remaining approximately 35 acres are the subject of the dispute between the parties in this case.[1] In that light, we briefly restate the facts to give context to the rest of plaintiff's motion. In 1995, defendants brought an FED action against plaintiff. They alleged that they were the owners of tax lot 4600 and that plaintiff "is residing in a residence located on the same property." They sought judgment "for possession of the premises." At the time, tax lot 4600 was comprised of 40 acres. Plaintiff filed an answer in which he alleged, in part, that he "is the owner in fee simple title and is entitled to the immediate possession of that property described in * * * [defendants'] complaint." In response, defendants filed a second amended complaint in which they asserted that they were the owners of tax lot 4600. Plaintiff then answered that he "is the owner in fee simple title and is entitled to the immediate possession of that residence in which he resides on tax lot 4600." He also asserted that he owned a five-acre parcel, which was included in tax lot 4600, and submitted the legal description for the five-acre parcel.

At trial on the FED action, the court ruled that plaintiff was the owner of the five-acre parcel and a residence that lay within tax lot 4600. The resulting judgment declared

---

[1] Part of the remaining 35 acres includes a five-acre parcel that plaintiff alleges was originally given to plaintiff's sister and her husband and then was given by parol gift to plaintiff by them. That five acres is a different five acres from the five acres that were the subject of the FED action.

plaintiff as the "owner of " the five-acre parcel. In this action, plaintiff sought a declaration that he was the owner of tax lot 4600,[2] among other requests for relief. In our opinion, we held that the doctrine of claim preclusion barred plaintiff's claims because he had the opportunity in the FED proceeding to adjudicate ownership to all of tax lot 4600 and failed to do so.

In his motion for reconsideration, plaintiff argues that he did not file a counterclaim in the FED action, but an affirmative defense. He relies on ORCP 24 A, which makes joinder of claims permissive and asserts that its provisions have been "overturned by judicial fiat" as a result of our opinion. We note that regardless of how plaintiff labeled his pleading in the FED action, he sought and received an adjudication of ownership that went beyond defeating defendants' claim of right to possession. In substance, plaintiff filed a counterclaim to adjudicate ownership to a part of tax lot 4600 when he had the opportunity to assert his claim of ownership as to all of the subject property. It is the adjudication of that claim that operates as a bar to this action.

Motion for reconsideration allowed. Opinion modified and adhered to as modified.

---

[2] In his complaint, plaintiff described the property as the "southeast quarter of ιe northeast quarter of section 29, township 35 south, range 14 west, Willamette ιeridian, Curry County, Oregon." The record is uncontroverted that that description also describes tax lot 4600.