Argued and submitted February 18, affirmed July 15, 2009

G. B.,
*Plaintiff-Appellant,*

*v.*

Michael S. MOREY,
individually and doing business as
Michael S. Morey, P. C.,
*Defendant-Respondent,*

*and*

Peter K. GLAZER,
individually and doing business as
Glazer & Associates, P. C.,
*Defendant.*

Multnomah County Circuit Court
040606637; A134543

215 P3d 879

Frederick T. Smith argued the cause for appellant. With him on the briefs was Jaculin L. Smith.

Michael T. Stone argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

ORTEGA, J.

606-b

## ORTEGA, J.

Plaintiff appeals from a judgment dismissing various claims against defendant Morey, his former attorney, on the ground that those claims are barred by claim or issue preclusion. We agree with the trial court's conclusion that the claims are barred and affirm.

Morey formerly represented plaintiff in a lawsuit against the Archdiocese of Portland. Plaintiff fired Morey shortly before the case settled. Morey then brought an action against plaintiff to foreclose on a lien for attorney fees based on a contingent fee agreement that the parties had entered into in connection with Morey's representation of plaintiff in the action against the Archdiocese. In the attorney fee action, plaintiff denied liability for Morey's fees and raised 15 "affirmative defenses," described as Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Breach of Duty of Loyalty, Breach of Duty of Care, Breach of Fiduciary Duty, Breach of Trust, Tortious Breach of Good Faith and Fair Dealing, Fraud, Fraud in the Inducement, Outrageous Conduct, Legal Malpractice, Negligent Misrepresentation, Negligence, Real Party in Interest, and Failure to Join Necessary Party. In granting Morey's motion for summary judgment, the trial court in the attorney fee action explained that plaintiff's affirmative defenses fell into two categories— breach of contract and ethical issues. The court explained that it had no authority over ethical issues, but acknowledged that some ethical issues could constitute breaches of contract. To the extent that the alleged ethical breaches constituted breaches of contract, the court concluded that Morey had substantially performed the contract and that there had been no material breach. Accordingly, the trial court awarded Morey the full amount of his fees, as well as attorney fees and interest for prevailing on the lien claim. We affirmed that judgment without opinion. *Morey v. Archdiocese of Portland in Oregon*, 207 Or App 161, 140 P3d 582, *rev den*, 342 Or 46 (2006).

Later, plaintiff brought this action. His second amended complaint alleges 12 claims, all arising out of Morey's representation of plaintiff in his action against the Archdiocese. All but one—a claim entitled Agent Breach of

Duty to Principal—had been asserted by plaintiff as affirmative defenses in Morey's attorney fee action.

Morey moved for summary judgment, asserting that all of plaintiff's claims were barred by claim and issue preclusion. The trial court ruled that the claims sounding in contract were barred by issue preclusion and that the claims sounding in tort were barred by claim preclusion. The court explained that, to the extent that plaintiff's complaint raised matters under the Oregon Rules of Professional Conduct, those matters were not barred because the trial court in the prior action had "expressly excluded them from [its] review and ruling," but ruled that it "lack[ed] jurisdiction" over those claims and dismissed them without prejudice.

On appeal, plaintiff asserts that the trial court erred in granting Morey's motion for summary judgment on the tort claims. The only issues were legal, and we review the trial court's ruling to determine whether the court was correct that Morey is entitled to judgment as a matter of law. ORCP 47 C. In plaintiff's view, the trial court's reasoning applying claim preclusion based on his assertion of affirmative defenses in the prior action is inconsistent with the rule in Oregon that there are no compulsory counterclaims. *See* ORCP 24 A (providing that joinder of claims is permissive). If, plaintiff contends, he could not be forced to join his current claims in Morey's attorney fee action, his failure to join those claims cannot be a basis for claim preclusion now.

The doctrine of claim preclusion prohibits a party from relitigating the same claim or splitting a claim into multiple actions against the same opponent. *Bloomfield v. Weakland*, 339 Or 504, 510, 123 P3d 275 (2005). The rule forecloses a party who has litigated a claim against another from further litigation on that same claim on any ground or theory of relief that the party could have litigated in the first instance. *Dean v. Exotic Veneers, Inc.*, 271 Or 188, 194, 531 P2d 266 (1975). A "claim" is defined broadly as "a group of facts which entitled [the] plaintiff to relief." *Troutman v. Erlandson*, 287 Or 187, 201, 598 P2d 1211 (1979). In deciding whether a group of facts is part of the same claim, we inquire whether the "transactions were 'related in time, space, origin, or motivation, [and] whether they form a convenient

unit,' as well as whether they were 'substantially of the same sort and similarly motivated.'" *McAmis Industries v. M. Cutter Co.*, 161 Or App 631, 637-38, 984 P2d 909, *rev den*, 329 Or 553 (1999) (quoting *Whitaker v. Bank of Newport*, 313 Or 450, 456, 836 P2d 695 (1992)). It is not disputed that plaintiff's claims in the current proceeding have the same factual underpinning as the affirmative defenses asserted by plaintiff in Morey's attorney fee action.

Plaintiff is correct that there are no compulsory counterclaims in Oregon. *Buck v. Mueller*, 221 Or 271, 277, 351 P2d 61 (1960). For that reason, claim preclusion does not apply when the plaintiff in the second case failed, *as a defendant* in the first case, to raise a counterclaim. *Lee v. Mitchell*, 152 Or App 159, 166, 953 P2d 414 (1998); *Burlington Northern v. Lester*, 48 Or App 579, 583, 617 P2d 906 (1980). As the court noted in *Buck*, the same facts may constitute both a ground for a defense and a ground for a counterclaim, and "[t]he failure to assert such facts, either as a defense or as a counterclaim, does not preclude [the] defendant from thereafter bringing a separate action based upon those facts." 221 Or at 277.

That rule has two exceptions, however. First, if the first case necessarily adjudicated the claim that the plaintiff pleads in the second case, that claim is precluded. *Gwynn v. Wilhelm*, 226 Or 606, 610, 360 P2d 312 (1961). Second, if the plaintiff in the second case actually asserted a counterclaim or otherwise sought affirmative relief as a defendant in the first case, claim preclusion applies in the same way that it would to a plaintiff filing a claim. *Conner v. Delon Oldsmobile Co.*, 66 Or App 394, 397-98, 674 P2d 1180 (1984). The second exception applies when matters pleaded originally as defenses are used subsequently as a basis for affirmative relief. *Jarvy v. Mowrey*, 235 Or 579, 583-84, 385 P2d 336 (1963), *overruled in part on other grounds by Dean*, 271 Or 188; *see Perkins v. Conradi*, 151 Or App 585, 588-89, 950 P2d 380 (1997), *adh'd to as modified on recons*, 153 Or App 273, 956 P2d 1022, *adh'd to as modified on recons*, 154 Or App 439, 959 P2d 1013, *rev den*, 328 Or 40 (1998).

That is the circumstance here. The matters pleaded in plaintiff's complaint depended on the same facts and are

the same matters that he pleaded in defending against Morey's attorney fee action. Moreover, although plaintiff did not assert the claim for Agent Breach of Duty to Principal as an affirmative defense in the former proceeding, he could have done so along with the other 15 affirmative defenses arising out of the same facts, and that claim likewise is barred by claim preclusion. *Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). We conclude, for that reason, that the trial court did not err in ruling that plaintiff's tort claims were barred by claim preclusion.

 Plaintiff separately asserts that the trial court erred in determining that it lacked jurisdiction to address tort claims that are based on ethical violations. Plaintiff misunderstands the trial court's ruling. The trial court held that *all* of plaintiff's tort claims are barred by claim preclusion. No tort claims were dismissed as not having been brought in the proper forum. The trial court then separately stated that claims based on violations of the Oregon Rules of Professional Conduct were dismissed as not having been brought in the proper forum. The court cited *Kidney Association of Oregon v. Ferguson*, 315 Or 135, 143, 843 P2d 442 (1992), which holds that attorney disciplinary matters are not within the jurisdiction of the Court of Appeals. As we understand the trial court's reasoning, it was simply that the court lacked jurisdiction to address attorney disciplinary matters. We agree with that conclusion.

Affirmed.