Argued and submitted January 8, affirmed September 29, 2010

Tricia SCHMIDT,
*Appellant,*

*v.*

Richard L. HART,
individually and as Trustee of the
Woodrow Wilson Revocable Living Trust,
Woodrow and Hazel Wilson Foundation,
an Oregon non-profit corporation,
and Lents Lodge No. 156 A. F. and A. M.,
an Oregon non-profit corporation,
*Respondents.*

Multnomah County Circuit Court
070390315; A138092

241 P3d 329

Lindsey H. Hughes argued the cause for appellant. With her on the briefs were Kevin M. Glynn and Keating Jones Hughes PC.

Craig R. Berne argued the cause for respondent Richard L. Hart. With him on the brief was Harris Berne Christensen LLP.

No appearance for respondents Woodrow and Hazel Wilson Foundation and Lents Lodge No. 156 A. F. and A. M.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff Tricia Schmidt was the beneficiary of a trust, the terms of which permit her to reside in an apartment for the rest of her life, unless she no longer chooses to live there. Defendant Richard Hart, the trustee,[1] initiated an action against plaintiff for Forcible Entry and Wrongful Detainer (FED) when he received information that led him to believe that she had moved out of the apartment. The FED court agreed with defendant and evicted plaintiff from the property. Plaintiff then initiated this action against defendant for breach of fiduciary duty and breach of trust. Defendant moved for summary judgment on the ground that the FED action finally determined her right to live in the apartment. The trial court agreed with defendant and entered judgment dismissing plaintiff's claims and awarded defendant attorney fees and costs. Plaintiff appeals, advancing a number of different assignments of error. We affirm, writing only to address plaintiff's contention that the trial court erred in concluding that the FED proceeding is dispositive of plaintiff's allegations relating to her rights under the trust.

The pertinent facts are undisputed. In July 1995, Woodrow Wilson created the Woodrow Wilson Revocable Living Trust, into which he placed all of his property, including a four-unit residential apartment building on the 3100 block of S.E. 10th St., in Portland. Plaintiff was a tenant in that apartment building and had provided care for Wilson and his wife. The trust named her as a beneficiary.

The trust provided that the individual beneficiaries had the right to continue to live in the apartments "for their natural lives":

> "If [the individual beneficiaries] survive me, and are still currently renting from me or my trust, I direct my Trustee to continue renting to said individuals for their natural lives. I care deeply for my longtime renters and direct my Trustee [to] allow them to reside at said residence for Two Hundred Dollars ($200.00) per month for their natural lives."

---

[1] Plaintiff's complaint also named as defendants the Woodrow and Hazel Wilson Foundation and the Lents Masonic Lodge No. 156 A. F. and A. M. However, they do not appear on this appeal.

The trust directed the trustee to "pay all maintenance, repairs, taxes, liability and fire insurance from the principal and income" of the trust. It also directed that, if needed, "[p]roceedings to seek instructions or court determinations shall be initiated in the appropriate state court having original jurisdiction of matters relating to the construction and administration of trusts."

The trust provided that, upon Wilson's death, his personal property was to go to plaintiff, with the exception of a few designated items to be distributed to other individuals. One-third of the net value of the remaining trust property was to be held in a "Family Trust" for three beneficiaries, one of whom was plaintiff. The remaining two-thirds of its net value was to be distributed to the Woodrow and Hazel Wilson Foundation, to be administered by a board of trustees consisting of the Lents Masonic Lodge, defendant Richard Hart, and Thomas Baier.

The trust provided for termination of the Family Trust "[u]pon the demise of the last remaining tenant * * *, or if said individuals should no longer choose to reside at said complex, said trust shall terminate and be distributed in its entirety to the WOODROW AND HAZEL WILSON FOUNDATION." (Capitalization in original.)

The trust included an *in terrorem*, or "no contest," clause, stating that, "if any beneficiary * * * should contest any dispositive provision herein either by threat to or actually filing a claim to contest any provision of this Trust in any court, the inheritance provided herein to that party shall be reduced to $1.00 cash and no other property." Defendant was named as trustee of the trust, and plaintiff was successor trustee.

Wilson died in August 1995, and it is undisputed that the two other beneficiaries of the Family Trust are also now deceased. At the time of Wilson's death, plaintiff continued to possess the apartment described in the trust. In August 1998, defendant required plaintiff to sign a written rental agreement providing that the lease would terminate on the "[e]arlier of the date tenant vacates the premises or the tenant's death." The lease further provided that the premises would not be occupied by any other person.

In 2004, plaintiff accepted a job as an office manager in Denver, Colorado. Meanwhile, plaintiff's mother lived in the apartment owned by the trust. In July 2004, defendant—having not seen plaintiff at the apartment for an extended period of time—notified plaintiff that she had breached the rental agreement by vacating the premises and allowing her mother and/or others to occupy it. Defendant gave plaintiff 30 days' written notice of termination. In August 2004, defendant filed a statutory FED proceeding, *see* ORS 105.105 to 105.168, seeking to recover possession of the premises, asserting that plaintiff had vacated the premises and that plaintiff's right to possession of the apartment had therefore terminated.

Plaintiff denied that she was no longer living on the premises. She contended that her departure from the premises was only temporary and that, under the trust agreement, she had the right to remain in the apartment. After a hearing, and having considered the terms of the rental agreement and the trust, the FED court found that defendant had "made out a *prima facie* case that [plaintiff] appears to have vacated and has chosen not to live" on the premises, and that plaintiff had failed to put on adequate evidence explaining long absences from the premises. The court issued a judgment of eviction ordering plaintiff to vacate the premises. Plaintiff appealed the judgment, which this court affirmed without opinion. *Hart v. Schmidt*, 205 Or App 182, 134 P3d 172 (2006).

In 2007, plaintiff initiated this action, alleging three claims arising out of the above-described events. The first two claims, against defendant, were for breach of the trust agreement and breach of fiduciary duty. The third claim was against the foundation and the Masonic Lodge for participating and acquiescing in and receiving the benefits of what plaintiff describes as defendant's misconduct. Plaintiff alleged that defendant breached the trust agreement as well as his fiduciary duty to plaintiff by, among other things, bringing the FED action, refusing to provide an accounting or access to trust accounts, and refusing to pay plaintiff her share of trust assets. Plaintiff sought the removal of defendant as trustee, the appointment of a new fiduciary, an

accounting, an order restoring her to the premises, the imposition of a constructive trust, a declaratory judgment setting forth the rights and duties of the parties in accordance with the terms of the trust, economic and noneconomic damages, and attorney fees and costs.

Plaintiff filed a motion for partial summary judgment, asserting that defendant, in evicting plaintiff without investigating whether she had chosen to continue to live in the apartment, breached his fiduciary duty as a matter of law and committed a breach of trust in failing to abide by the terms of the trust. The court denied plaintiff's motion, explaining that the motion "doesn't contain something I can decide as a matter of law."

Defendant also filed a motion for summary judgment. With respect to the allegations relating to defendant's initiation of the FED proceeding, defendant asserted that the FED court's finding that plaintiff had chosen to vacate the premises was preclusive, because, as a consequence of having vacated the premises, plaintiff was no longer a beneficiary of the trust. With respect to plaintiff's other allegations of misconduct, defendant asserted that they failed by reason of the statute of limitations, laches, and the absence of a triable question of fact.

The court granted defendant's motion, explaining:

"There is no genuine issue of material fact left to determine in a trial on this matter. In the paragraphs below are two brief observations regarding the legal effect of the FED action and appellant's beneficiary status. These observations are in no way intended as a comprehensive review of all issues raised by the parties but are central to the ruling herein.

"Viewing [the trust] as a whole, [plaintiff's] benefit from the Trust is her right to continue to reside at a set rental rate each month at property owned by the Trust. This right continues until her death or until she 'should no longer choose to reside at the complex.' These parties fully litigated the issue of [plaintiff's] choice to vacate the complex in an FED action in September 2004. The parties had a full, fair opportunity to litigate that factual issue in a court of record where each party knew the operative fact upon

which the Court's decision would turn was whether or not [plaintiff] had chosen to reside elsewhere.

"Ultimately the FED court weighed the evidence presented by both parties and resolved that factual issue in favor of [defendant]. * * * The FED court restored the premises to the Trust. [Plaintiff] appealed, but did not prevail at the appellate level.

"As the Trustee's duty is to administer the Trust in accordance with the terms of the Trust, he had an obligation to seek determination of [plaintiff's] residential status. He did so. Once the Trustee prevailed on the issue of [plaintiff's] residential status, her right to receive a benefit from the Trust ended. Further, the Trustee fulfilled his obligation to the Trust by clarifying [plaintiff's] status as a beneficiary. [Plaintiff] is not entitled to compensation from the Trustee or the Trust for an action taken to clarify her status within the meaning of the Trust. This is true, frankly, because the Trustee's assertion was correct and validated by the factual findings of the FED court."

Thus, the trial court reasoned, by virtue of the FED court's determination that plaintiff had chosen not to live on the premises, plaintiff's interest in the family trust had terminated. Further, the trial court reasoned, in seeking a determination of plaintiff's residential status through an FED proceeding, defendant, as trustee, had fulfilled his obligation to the trust. Finally, the court concluded, in light of the outcome of that proceeding—the FED court's determination that plaintiff had chosen no longer to live on the premises— plaintiff was not entitled to be compensated on her claims arising out of defendant's filing of the FED proceeding.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment and in denying her own motion. She asserts that her rights under the trust agreement are separate from her interest as a tenant under the rental agreement and that her rights as a beneficiary of the trust were not and could not have been fully litigated in the FED proceeding. According to plaintiff, in light of the narrow scope of an FED proceeding, the FED court had authority to consider only issues arising out of the

rental agreement and had no authority to determine plaintiff's right to possession under the trust. Therefore, she contends, the court's factual determination in the FED proceeding with respect to plaintiff's right to possession under the rental agreement can have no preclusive effect with respect to her rights under the trust. Plaintiff also asserts that defendant took the position in the FED proceeding that the FED court lacked authority to decide plaintiff's right to possession under the trust and should therefore be judicially estopped from asserting a contrary position in this proceeding. We consider and reject each of plaintiff's contentions.

■ We begin with plaintiff's argument that judicial estoppel precludes defendant from relying on the FED court's decision. The trial court's ruling in this case was based primarily on its determination that the doctrine of issue preclusion bars relitigation of the question whether plaintiff chose to no longer live on the premises and its conclusion that the FED court's decision on that issue is dispositive of plaintiff's allegations relating to defendant's conduct in bringing the FED proceeding. Plaintiff asserts that defendant should be judicially estopped from asserting the defense of issue preclusion, because, in plaintiff's view, he is taking a position in this proceeding concerning the authority of the FED court that is inconsistent with the position he took in that proceeding.

■ The equitable doctrine of judicial estoppel may preclude a party from taking a position in one judicial proceeding that is inconsistent with the position that the same party successfully asserted in a different judicial proceeding. *Hampton Tree Farms, Inc. v. Jewett*, 320 Or 599, 609, 892 P2d 683 (1995). In this case, however, defendant's position has not changed. In the FED proceeding, defendant contended that plaintiff was not entitled to possession of the premises under the rental agreement *or the trust*. Contrary to plaintiff's argument, the record shows that, although defendant advised the FED court that it could not consider any of plaintiff's own claims under the trust, defendant never contended that the FED court could not consider plaintiff's defense that she retained the right to possession under the trust. In fact, the FED court did consider the terms of the trust in determining plaintiff's right to possession. In this

case, defendant takes the position that the FED court's findings with regard to plaintiff's right to possession are dispositive of plaintiff's claim. The positions are not inconsistent.

■■ We turn to plaintiff's contention that the trial court erred in giving the FED court's decision preclusive effect. The doctrine of issue preclusion may bar relitigation of an issue decided in a prior proceeding if (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded had a full and fair opportunity to be heard on the issue; (4) the party sought to be precluded was a party or in privity with a party to the prior proceeding; and (5) the prior proceeding is the type of proceeding to which courts will give preclusive effect. *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 104, 862 P2d 1293 (1993). In this case, plaintiff contends that the trial court erred in giving preclusive effect to the FED court's decision because the issue in the FED proceeding was different from the issues in this case. According to plaintiff, "the rental agreement controlled the FED action, and the Trust controls the present action." In plaintiff's view, her rights under the trust were not relevant to the FED proceeding, much less actually litigated in that proceeding.

■ Plaintiff's argument in this case cannot be reconciled with her arguments in the FED case, however. In the FED case, it was plaintiff who asserted her continuing interest *under the trust* as the basis for her right to continue occupying the premises. After a full hearing on that very issue, the FED court concluded that, because plaintiff had vacated the premises and had chosen no longer to live there, any right to possession that she may once have had *under the trust* no longer existed. This court upheld that determination. A circuit court's findings in the context of an FED proceeding are entitled to preclusive effect. *Carter v. Ricker*, 241 Or 342, 345, 405 P2d 854 (1965). We conclude, therefore, as did the trial court, that the FED court's findings are entitled to preclusive effect.

■ At oral argument—and not in her brief—plaintiff offered an additional argument that the determination of the FED court is no impediment to plaintiff's current claims. In

essence, plaintiff contends, the trust itself provides that an FED proceeding was not the appropriate forum for litigating plaintiff's interests under the trust and, as a result, can have no preclusive effect with respect to her claims under the trust. Plaintiff points out that the trust provides that "[p]roceedings to seek instructions or court determinations shall be initiated in the appropriate state court having original jurisdiction of matters relating to the construction and administration of trust." In plaintiff's view, only a court with "original jurisdiction" to interpret and administer the trust had authority to determine plaintiff's interest. Plaintiff contends that, because the circuit court, sitting in an FED proceeding, is limited to considering the issue of the right to possession in the context of the residential landlord-tenant law, it is not "the appropriate state court having original jurisdiction of matters relating to the construction and administration of trust," and for that reason, plaintiff's right to possession under the trust could not be determined in an FED proceeding.

Contrary to plaintiff's contention, however, the unambiguous terms of the trust show that plaintiff's beneficial interest was in the nature of a tenancy. The Multnomah County Circuit Court was the appropriate court to determine plaintiff's continued right to possession of the premises, and we conclude that the court had authority in an FED proceeding to interpret the provisions of the trust for the purpose of determining whether plaintiff had a right to possession.

It is true, as plaintiff contends, that an FED proceeding is limited to the determination of the right to possession of premises in the context of a landlord-tenant relationship, ORS 105.105 to 105.168; *Class v. Carter*, 293 Or 147, 150, 645 P2d 536 (1982); and that a tenant's right to assert counterclaims is limited, ORS 105.132. However, plaintiff was entitled in the FED proceeding to present defenses that related to her right to possession. *Fry v. D. H. Overmyer Co., Inc.*, 269 Or 281, 303, 525 P2d 140 (1974). And she did just that, contending that she had a right to possession under the trust. Thus, although plaintiff's *own claims* under the trust (for removal of defendant as trustee, for an accounting, for the imposition of a constructive trust, and the like) could not be litigated in the FED proceeding, her defense that the trust

gave her a right to possession was an issue that the FED court had before it and had authority to determine in the context of determining plaintiff's right to possession of the premises.

■ There remains a final issue to address, namely, the scope of the preclusive effect of the FED court's findings. Plaintiff contends that, regardless of whether she is entitled to continued possession of the apartment, she remains entitled to relief on other claims under the trust, specifically to a distribution of assets from the Family Trust.

Resolution of that question turns on an interpretation of the trust agreement. In construing the trust, our goal is to determine and give effect to the intent of the trustor, if possible. ORS 42.240 ("In the construction of an instrument the intention of the parties is to be pursued if possible[.]"); *Howard v. Howard*, 211 Or App 557, 562, 156 P3d 89 (2007).

In this case, as we have noted, the trust did provide that, upon Wilson's death, plaintiff became a beneficiary of the Family Trust, which consists of one-third of the net value of the estate. The trust, however, also provides that, "[u]pon the demise of the last remaining tenant * * * or if said individuals should no longer choose to reside at said complex," the trust terminates and the property is to be distributed to the Woodrow and Hazel Wilson Foundation. The FED court determined that plaintiff no longer chose to reside at the apartment. At the point that plaintiff made that choice, the Family Trust terminated, and the trust property went to the Woodrow and Hazel Wilson Foundation. Plaintiff has no beneficial interest in a distribution of assets of the Family Trust.

Finally, plaintiff contends that the FED court's determination of her right to possession, even if based on a consideration of the provisions of the trust, is not dispositive of plaintiff's claims, because, apart from the ultimate outcome of the FED proceeding, questions of fact exist as to whether defendant's decision to pursue plaintiff's eviction was a violation of his fiduciary duty or a breach of the trust. In light of our conclusion that, under the trust agreement, plaintiff's sole beneficial interest was to occupy the premises until she should choose not to, we agree with the trial court

that the FED court's finding that plaintiff chose to no longer occupy the premises is dispositive of her claims.

We reject without discussion plaintiff's remaining assignments of error.

Affirmed.