NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARY C. BENAFEL, | No. 16-35827 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00273-MC |
| v. | |
| WILLIAMS NORTHWEST PIPELINE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted July 12, 2018**
Portland, Oregon

Before: WARDLAW and OWENS, Circuit Judges, and LEFKOW,*** District
Judge.

Mary C. Benafel (Benafel) appeals the district court's judgment dismissing

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Joan H. Lefkow, United States District Judge for the
Northern District of Illinois, sitting by designation.

her action against Williams Northwest Pipeline and its employee (collectively, Northwest) and the City of Eugene and members of the city council (the City Defendants) alleging various claims arising from Northwest's construction of a pipeline monitoring facility and driveway on Benafel's property (the Construction).  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

We review de novo a dismissal of an action as barred by the doctrines of claim preclusion, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002), issue preclusion, *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016), and statute of limitations, *Donoghue v. Orange Cty.*, 848 F.2d 926, 929 (9th Cir. 1987).  We review a denial of leave to amend for abuse of discretion.  *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

1.     The district court properly dismissed Benafel's claims against Northwest as barred by claim preclusion[1] because there was a final judgment on the Construction claims in state court and Benafel's claims here all arise out of the Construction.

Benafel first argues that there was no final judgment in state court.  We disagree as the state court clearly ruled on the merits.  *Drews v. EBI Companies*,

---

[1]     When an action is first brought in state court and subsequently brought in federal court, the federal court must apply the laws of preclusion of the state in which the original claim was brought.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); Restatement (Second) of Judgments § 86 (1982). Before this federal lawsuit, Benafel sued Northwest in Oregon state court. Accordingly, Oregon laws of preclusion apply.

310 Or. 134, 140 (1990) (explaining the doctrine of claim preclusion only applies to "a plaintiff who has prosecuted one action against a defendant through to a final judgment" (quotation omitted)). Northwest held an easement on Benafel's property. Benafel argued that Northwest's Construction fell outside of the scope of that easement. The state court granted Northwest's motion for summary judgment in its entirety on the merits, finding that the construction was within the scope of the easement, and denied the "alternative" arguments for "partial summary judgment" as moot. *Rennie v. Freeway Transp.*, 294 Or. 319, 330 (1982) (holding that a judgment is final for claim preclusion if there was a "final definitive decision as to the substantive validity of plaintiff's cause of action").

Benafel alternatively argues that even if there was a final judgment, her claims are not precluded. However, once a plaintiff has litigated a claim against a defendant, she is precluded from bringing the same claim, or claims that arise from the same "group of facts." *G.B. v. Morey*, 229 Or. App. 605, 608 (2009). Benafel's claims against Northwest in state and federal court arise out of the Construction, i.e., the same "group of facts," and are therefore barred by claim preclusion. To the extent that the Construction was "susceptible" to various theories, Benafel was required to "seek and exhaust all alternative grounds or theories for recovery" in her state court action. *Rennie*, 294 Or. at 323.

2. The district court also properly dismissed Benafel's claims against

3

Northwest as barred by issue preclusion because whether the Construction was within the scope of the easement was "identical" to the issue in this action; was "essential" to the final decision in the state court proceeding where Benafel had a "full and fair opportunity" to present the issue; and Northwest was a party to the state action.[2] *Nelson v. Emerald People's Util. Dist.*, 318 Or. 99, 103–04 (1993).

3.      The district court properly dismissed Benafel's 42 U.S.C. § 1983 claims against Northwest and the City Defendants because they are barred by Oregon's two-year statute of limitations. *See Cooper v. Ashland*, 871 F.2d 104, 105 (9th Cir. 1989) (per curiam).  In a declaration, Benafel explicitly stated that she was aware of the City's actions by October 8, 2009.  Thus, Benafel's claims have been time-barred since, at the latest, October 8, 2011, several years before Benafel filed the complaint in this action on February 16, 2016.

4.      Benafel alternatively argues that her trespass claim against Northwest and the City Defendants is a continuing tort, but this argument is similarly unavailing.[3]

---

[2]      The district court concluded Benafel's claims against the City Defendants were barred by issue preclusion.  The City Defendants did not invoke issue preclusion as a defense in the district court or on appeal.  Because the claims against the City Defendant are time-barred, we need not address whether these claims are also issue-precluded.

[3]      While Benafel did not raise this argument in district court and "[a]n appellate court will not review an issue not raised nor objected to below unless necessary to prevent manifest injustice," *Komatsu, Ltd. v. States S.S. Co.*, 674 F.2d 806, 812 (9th Cir. 1982), because Benafel appeared in district court pro se and we

Single actions do not support a claim for continuing trespass. *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation."). Northwest's only trespass was the Construction, and the City's only alleged wrongful act was the issuance of the permit for the curb cut in 2007.

5.      Benafel also argues that the state court judgment enforcing Northwest's easement was a state action constituting an unlawful taking under the Fifth Amendment, and therefore, the statute of limitations did not begin to run until the last decision in state court.[4] *See Shelley v. Kraemer*, 334 U.S. 1, 19–20 (1948). However, *Shelley* challenged the constitutionality of the enforcement of a restrictive covenant between private parties. *Id.* at 5–6. Though in *Shelley* the cities in which the petitioners and respondents resided had signed the restrictive covenants at issue, the cities did not enforce those restrictive covenants and were not parties to the lawsuit. *Id.* at 2–8. Instead, the restrictive covenants were enforced by the state court, and thus, there was no state action until the state court's judicial enforcement. *Id.* Here, at the time of Benafel's initial lawsuit,

---

"liberally construe[]" pro se complaints, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), we reach the merits of this claim.

[4]      While Benafel did not bring this argument in district court, for the same reasons discussed in footnote 3, we reach the merits of this claim.

there was already state action—the City Defendants had granted Northwest a permit for the Construction—and thus, the state court judgment did not transform a purely private lawsuit into government action. *Shelley* does not stand for the proposition that litigants can get a second bite at the apple and circumvent the doctrines of claim and issue preclusion and statute of limitations requirements when, as here, the plaintiff had a prior opportunity to litigate her constitutional claims against the government in state court.

6.      Finally, the district court did not abuse its discretion in denying Benafel leave to file an amended complaint. Any amendment of Benafel's complaint could not cure her timeliness and preclusion deficiencies and therefore would be futile. *See Cervantes*, 656 F.3d at 1041 ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

        **AFFIRMED.**